UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SPAGNUOLI, KELLIE SHEA, and JOSEPH VESELAK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>LOUIE'S SEAFOOD RESTAURANT, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LLC; MARTIN PICONE; and MICHAEL GUINNANE,<br><br>Defendants. | Index No.:<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial |

Plaintiffs, by their attorneys, Leeds Brown Law, P.C. allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law § 663, New York Labor Law § 650 *et seq.*; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 146-1.4 and 1.6, to recover unpaid overtime compensation and spread of hours compensation owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by LOUIE'S SEAFOOD RESTAURANT, LLC, and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LLC, (hereinafter collectively referred to as "LOUIE'S"); MARTIN PICONE, and MICHAEL GUINNANE, individually (hereinafter collectively referred to as "Defendants").

2. Beginning in approximately May 2007 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay overtime compensation and spread of hours compensation to their employees.

3. Under the direction of Defendants' owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

4. Plaintiffs initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including overtime compensation and spread of hours compensation, that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

6. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

7. PLAINTIFF SPAGNUOLI is an individual who resides in New York and who formerly worked for Defendants as a waiter from approximately August 2010 to August 2011.

8. PLAINTIFF SHEA is an individual who resides in New York and who formerly worked for Defendants as a bartender from approximately 2003 to April 2012.

9. PLAINTIFF VESELAK is an individual who resides in New York and who formerly worked for Defendants as a waiter from approximately April 2010 to December 2011.

10. DEFENDANT LOUIE'S SEAFOOD RESTAURANT, LLC is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 395 Main Street, Port Washington, New York, 11050 and is engaged in the restaurant business.

11. Upon information and belief, DEFENDANT MARTIN PICONE is a resident of 395 Main Street, Port Washington, New York, 11050 and at all relevant times was an officer, director, president, vice president, and/or owner of LOUIE'S SEAFOOD RESTAURANT, LLC or related entities.

12. Upon information and belief, DEFENDANT MICHAEL GUINNANE is a resident of 395 Main Street, Port Washington, New York, 11050 and at all relevant times was an officer, director, president, vice president, and/or owner of LOUIE'S SEAFOOD RESTAURANT, LLC or related entities.

13. Upon information and belief, LOUIE'S SEAFOOD RESTAURANT, LLC gross yearly sales are greater than $500,000.00.

## CLASS ALLEGATIONS

14. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules ("CPLR") and Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

15. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as restaurant employees as both back and front of the house nonexempt employees.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 200 employees. In addition, the names of all potential members of the putative class are unknown.

17. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; and (2) whether Defendants failed to pay spread of hours compensation of one additional hour at the regular hourly wage rate for days worked in excess of 10 hours.

18. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class were all subject to Defendants' policies and willful practices of (1) failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; and (2) failing to pay spread of hours compensation.

19. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

20. Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

22. Defendants operate a restaurant located at 395 Main Street, Port Washington, New York 11050.

23. Beginning in May 2007, Defendants employed numerous individuals at Louie's Seafood Restaurant as waiters, servers, runners, bartenders, cooks, food preparers, dishwashers, and other restaurant nonexempt positions.

24. Upon information and belief, under 19 U.S.C. § 201, *et seq.*, and the cases interpreting the same, LOUIE'S SEAFOOD RESTAURANT, LLC constitutes an "enterprise engaged in commerce."

25. Upon information and belief, Plaintiffs and all members of the putative class constituted "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651 and case law interpreting the same.

26. The payments made to Plaintiffs and other members of the putative class by Defendants constitutes "wages" as that term is defined under New York Labor Law § 651.

27. While working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants, without receiving proper overtime compensation and spread of hours compensation as required by applicable federal and state law.

28. From August 2010 to August 2011, Plaintiff SPAGNUOLI worked as a waiter at Defendants' restaurant location.

29. While working for Defendants, Plaintiff SPAGNUOLI typically worked 6 days per week, for approximately 70 to 96 hours per week.

30. During the peak summer season, Plaintiff SPAGNUOLI regularly worked over 80 hours per week, including between 15 to 16 hours per day.

31. For example, during the peak summer season, Plaintiff SPAGNUOLI regularly worked from approximately 9 a.m. to 1 a.m. or 2 a.m. per shift.

32. While working for Defendants, Plaintiff SPAGNUOLI was paid approximately $4.60 to $5.00 per hour plus tips for the hours reflected on his payroll checks.

33. Plaintiff SPAGNUOLI's paychecks regularly reflected fewer hours than Plaintiff SPAGNUOLI actually worked.

34. Plaintiff SPAGNUOLI was typically compensated for 40 hours of work, even though he regularly worked approximately 70 to 96 hours per week.

35. Plaintiff SPAGNUOLI did not manage any other employees while employed by Defendants.

36. Plaintiff SPAGNUOLI was not paid overtime at time and one-half his regular hourly wage for all the hours over 40 that he worked.

37. Plaintiff SPAGNUOLI was not paid spread of hours compensation for the days he worked more than 10 hours.

38. From 2003 to April 2012, Plaintiff SHEA worked as a bartender at Defendants' restaurant location.

39. While working for Defendants, Plaintiff SHEA typically worked 5 or 6 days per week, 10 to 12 hours a day for a total of 50 to 70 hours per week.

40. While working for Defendants, Plaintiff SHEA was paid approximately $5.00 per hour plus tips for the hours reflected on her payroll checks.

41. Plaintiff SHEA's paychecks regularly reflected fewer hours than Plaintiff SHEA actually worked.

42. Plaintiff SHEA was typically compensated for 40 hours of work, even though she regularly worked approximately 50 to 70 hours per week.

43. Plaintiff SHEA did not manage any other employees while employed by Defendants.

44. Plaintiff SHEA was not paid overtime at time and one-half her regular hourly wage for all the hours over 40 that she worked.

45. Plaintiff SHEA was not paid spread of hours compensation for the days she worked more than 10 hours.

46. From April 2010 to December 2011, Plaintiff VESELAK worked as a waiter at Defendants' restaurant location.

47. While working full-time for Defendants, Plaintiff VESELAK typically worked 5 or 6 days per week, 10 to 12 hours a day for a total of 50 to 70 hours per week.

48. While working for Defendants, Plaintiff VESELAK was paid approximately $5.00 per hour plus tips for the hours reflected on his payroll checks.

49. Plaintiff VESELAK's paychecks regularly reflected fewer hours than Plaintiff VESELAK actually worked.

50. Plaintiff VESELAK was typically compensated for 40 hours of work, even though he regularly worked approximately 50 to 70 hours per week.

51. Plaintiff VESELAK did not manage any other employees while employed by Defendants.

52. Plaintiff VESELAK was regularly not paid overtime at time and one-half his regular hourly wage for all the hours over 40 that he worked.

53. Plaintiff VESELAK was not paid spread of hours compensation for the days he worked more than 10 hours.

54. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and applicable New York State law by failing to maintain proper and complete timesheets or payroll records.

55. LOUIE'S SEAFOOD RESTAURANT, LLC is an employer of Plaintiffs as the term is defined under NYLL, the FLSA and case law interpreting the same.

56. Upon information and belief, LOUIE'S SEAFOOD RESTAURANT, LLC and related entities, along with MARTIN PICONE and MICHAEL GUINNANE jointly employed Plaintiffs and similarly situated individuals – as "joint employer" has been defined under NYLL, the FLSA, cases interpreting the same, and relevant regulations from the departments of labor as they have been written and published.

57. Upon information and belief, Defendant MARTIN PICONE is an owner, officer, director, shareholder, and/or president or vice president of LOUIE'S and (i) has the power to hire and fire employees for LOUIE'S; (ii) supervised and controlled employee work schedules or conditions of employment for LOUIE'S; (iii) determined the rate and method or payment for LOUIE'S; and (iv) maintained employment records for LOUIE'S.

58. Defendant PICONE regularly directed employees, including Plaintiffs, to perform job tasks and duties during the course of their employments.

59. Defendant PICONE had the capacity and authority to hire and fire Plaintiffs and other similarly situated employees.

60. Upon information and belief, Defendant MARTIN PICONE dominated the day-to-day operating decisions of LOUIE'S, made major personnel decisions for LOUIE'S, and had complete control of the alleged activities of LOUIE'S which give rise to the claims brought herein.

61. Upon information and belief, Defendant MARTIN PICCONE was a supervisor, officer and/or agent of LOUIE'S who acted directly or indirectly in the interest of LOUIE'S and is an employer within the meaning of the FLSA and NYLL. Defendant MARTIN PICCONE in his capacity as an officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of payment for LOUIE'S employees.

62. Upon information and belief, Defendant MICHAEL GUINNANE is an owner, officer, director, shareholder, and/or president or vice president of LOUIE'S and (i) has the power to hire and fire employees for LOUIE'S; (ii) supervised and controlled employee work schedules or conditions of employment for LOUIE'S; (iii) determined the rate and method or payment for LOUIE'S; and (iv) maintained employment records for LOUIE'S.

63. Upon information and belief, Defendant MICHAEL GUINNANE dominated the day-to-day operating decisions of LOUIE'S, made major personnel decisions for LOUIE'S, and had complete control of the alleged activities of LOUIE'S which give rise to the claims brought herein.

64. Defendant MICHAEL GUINNANE regularly directed and supervised the work for Plaintiffs and other similarly situated staff members at LOUIE'S as to how to perform their jobs and tasks they were required to complete.

65. Defendant MICHAEL GUINNANE had the capacity to fire Plaintiffs and other similarly situated staff members. Defendant GUINNANE regularly exercised that capacity to fire employees of LOUIE'S.

66. Upon information and belief, Defendant MICHAEL GUINNANE was a supervisor, officer and/or agent of LOUIE'S who acted directly or indirectly in the interest of LOUIE'S and is an employer within the meaning of the FLSA and NYLL. Defendant MICHAEL GUINNANE in his capacity as an officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of payment for LOUIE'S employees.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT:**
**FLSA OVERTIME COMPENSATION**

67. Pursuant to the FLSA, 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

68. Upon information and belief, Defendant failed to pay Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one-half time the regular rate of pay, for the time in which they worked after first 40 hours in any given week.

69. Plaintiffs worked on average well above 40 hours per week, yet were not paid at one and one half times their regular rate for all hours worked over 40 hours in one workweek.

70. Plaintiffs SPAGNUOLI, SHEA and VESELAK regularly worked in excess of 60 hours per week, especially during the peak summer season, without being compensated for all hours worked and without receiving time and one half compensation for all hours worked in a given week.

71. Plaintiffs' paystubs did not accurately reflect the amount of hours they worked.

72. The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

73. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION LAW

74. 12 NYCRR §146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

75. Upon information and belief, Plaintiffs and other members of the putative class at times worked more than 40 hours a week while working for Defendants.

76. Plaintiffs worked on average well above 40 hours per week, yet were not paid at 1 ½ times his regular rate for all hours worked over 40 hours in one workweek.

77. Plaintiffs' paystubs did not accurately reflect the amount of overtime hours worked.

78. Upon information and belief, Plaintiffs and other members of the putative class did not receive the New York statutory overtime compensation for all the hours worked after the first forty hours of work in a week in violation of 12 NYCRR § 146-1.4.

79. Consequently, by failing to pay to Plaintiffs and other members of the putative class overtime compensation, Defendants violated New York Labor Law §§ 663 and 12 NYCRR §146-1.4.

80. Defendants' failure to pay Named Plaintiffs and members of the putative class overtime compensation was willful.

81. By the foregoing reasons, Defendants have violated New York Labor Law §§ 663 and 12 NYCRR §146-1.4 and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: SPREAD OF HOURS

82. 12 NYCRR § 146-1.6 provides that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

83. Upon information and belief, Plaintiffs and other members of the putative class were not paid an additional hour's pay at the basic minimum hourly wage rate when they worked more than ten (10) hours in a day.

84. Plaintiffs regularly worked more than 10 hours per day and never received an additional hour of pay at the basic minimum hourly rate.

85. Plaintiffs SPAGNUOLI, SHEA and VESELAK regularly worked shifts of between 10 and 16 hours without receiving an additional hour of compensation.

86. Consequently, by failing to pay Plaintiffs and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate they worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 146-1.6.

87. Upon information and belief, Defendants' failure to pay spread of hours compensation to the Named Plaintiffs and other members of the putative class was willful. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment

(1) on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(3) on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(4) whatever other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
September 3, 2013

**LEEDS BROWN LAW, P.C.**

By: __ /S/_____

Michael Tompkins
Jeffrey K. Brown
Brett Cohen
1 Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
*Attorneys for Plaintiff and Putative Class*