UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL SPAGNUOLI, KELLIE SHEA, and JOSEPH
VESELAK, individually and on behalf of all other persons
similarly situated,

        Plaintiffs,

   -against-               **MEMORANDUM AND ORDER**
                             CV 13-4907 (ADS)(ARL)

LOUIE'S SEAFOOD RESTAURANT, LLC and/or any
other entities affiliated with, controlling, or controlled by
LOUIE'S SEAFOOD RESTAURANT, LLC, MARTIN
PICONE, and MICHAEL GUINNANE,

        Defendants.
----------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

  Before the court, on referral from District Judge Spatt is plaintiffs' motion to conditionally certify a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*., to provide judicial notice of the lawsuit to all collective action members, to equitably toll the statute of limitations under the FLSA for potential opt-in plaintiffs, and to facilitate notice by requiring defendants to produce an electronic list of contact information for all collective action members. For the reasons that follow, plaintiffs' motion is denied, with leave to renew.

## BACKGROUND

  Defendant Louie's Seafood Restaurant, LLC ("Louie's") is a domestic New York corporation located in Port Washington, New York and is engaged in the restaurant business. (Compl., ¶ 10.) Its gross yearly sales are alleged to be greater than $500,000. (*Id.* at ¶ 13.) At all relevant times, defendants Martin Picone ("Picone") and Michael Guinnane ("Guinnane") were

officers, directors, president, vice president and/or owners of Louie's and/or related entities (collectively "defendants"). (*Id*. at ¶¶ 11-12.) The named plaintiffs, Michael Spagnuoli ("Spagnuoli"), Kelli Shea ("Shea") and Joseph Veselak ("Veselak") (collectively the "named plaintiffs") are all residents of New York and are all former employees of defendant Louie's. (*Id*. at ¶¶ 7-9.) In this regard, plaintiff Spagnuoli worked for defendants in the position of waiter from August 2010 to August 2011. (*Id*. at ¶ 7.) Plaintiff Shea worked for defendants in the position of bartender from an unspecified month in 2003 to April 2012. (*Id*. at ¶ 8.) Plaintiff Veselak worked for defendants in the position of waiter from April 2010 to December 2011. (*Id*. at ¶ 9.) The potential class members in this matter are likewise former employees of defendants. (*Id*. at ¶ 15.) Plaintiffs assert that during their employment, they and the members of the putative class were regularly required to perform work for defendants without receiving proper overtime wages, at the rate of one and one half times the regular rate of pay for all hours worked in excess of forty hours in any given week, and spread of hours compensation of one additional hour at the regular hourly wage rate for days worked in excess of ten hours as required pursuant to the FLSA and New York law. (*Id*. at ¶¶ 27, 68-70.) With regard to the named plaintiffs, plaintiffs aver that while working for defendants Spagnuoli typically worked six days per week, for approximately 70 to 96 hours per week, and during the peak summer season would regularly work between 15 and 16 hours per day. (*Id*. at ¶¶ 28-30.) He was paid $4.60 to $5.00 per hour plus tips for the hours reflected on his payroll checks, but he alleges he was compensated for only 40 hours of work. (*Id*. at ¶¶ 32-34.) In addition, plaintiffs assert that while working for defendants, Shea and Veselak worked five to six days per week, 10 to 12 hours a day for a total of 50 to 70 hours per week. (*Id*. at ¶¶ 38-52.) Shea and Veselak were paid $5.00 per hour plus tips for hours reflected on their payroll checks, but they allege they were compensated for only 40

hours of work. (*Id*.)

On September 3, 2013, plaintiffs commenced an action on behalf of themselves and other similarly situated employees who defendants, and/or other entities affiliated with, controlling or controlled by Louie's, allegedly underpaid overtime compensation and spread of hours compensation in violation of the FLSA, 29 U.S.C. §§ 207 and 216(b); New York Labor Law ("NYLL") §§ 190 *et seq*., 663 and 650 *et seq*; and 12 New York Codes, Rules and Regulations ("NYCRR") §§ 146-1.4 and 1.6. Plaintiffs allege that defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA and applicable New York State law by failing to maintain proper and complete timesheets or payroll records. (*Id*. at ¶¶ 54, 71, 77.) Plaintiff further claim that the named plaintiffs and other members of the putative class were subject to the defendants' policies and willful practices of failing to pay all earned overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week, and failing to pay spread of hours compensation. (*Id*. at ¶¶ 18, 68, 70.) On September 10, 2013, Spagnuoli, Shea, Veselak and Jackson Weber ("Weber") filed consents to join this FLSA collective action. On October 15, 2013, Rosemarie Gunning ("Gunning") filed a consent to join this collective action.

Plaintiffs now seek conditional class certification and court authorized notice pursuant to Section 216(b) of the FLSA to all potential opt-in plaintiffs. Defendants oppose the application.

## DECISION

**A.     Conditional Certification**

The FLSA provides a private right of action to recover unpaid prevailing minimum wages and/or overtime compensation and liquidated damages from an employer who violates the Act's provisions. *See* 29 U.S.C. § 216(b). Pursuant to the FLSA, employees may maintain a collective

3

action to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in writing with the court. 29 U.S.C. § 216(b); *see Francis v. A&E Stores, Inc.*, No. 06 CIV. 1638(CLB)(GAY), 2008 WL 2588851, at *1 (S.D.N.Y. June 26, 2008), *adopted as modified by* 2008 WL 4619858 (S.D.N.Y. Oct. 15, 2008). "District courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Klimchak v. Cadrona, Inc.,* No. 09 Civ. 4311 (SJF)(ARL), 2011 WL 1120463, at *4 (E.D.N.Y. Mar. 24, 2011) (internal quotation marks and citations omitted).

In FLSA collective actions, courts typically undertake a two-step method of certification. *See Myers v. Hertz Corp.,* 624 F.3d 537, 554-55 (2d Cir. 2010) (endorsing a two-step method of certification in an opt-in collective action under the FLSA). At the first stage (known as the conditional certification stage), "the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); *see Myers,* 624 F.3d at 554-55. The second stage (known as the decertification stage) occurs after completion of discovery, when the court "examines the record and again makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims." *Francis*, 2008 WL 2588851, at *1 (internal quotation marks and citation omitted); *see Myers,* 624 F.3d at 555 at n.10 .

Plaintiffs' motion implicates the first stage of the certification process. "To satisfy their

4

burden at this first step and achieve 'conditional certification,' plaintiff[] must make only a 'modest factual showing that [she] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Amador v. Morgan Stanley & Co. LLC*, No. 11-CV-4326, 2013 WL 494020, at *2-3 (S.D.N.Y. Feb. 7, 2013) (quoting *Myers,* 624 F.3d at 555)). That is, "[t]he court must find some identifiable factual nexus which binds that named plaintiff[] and potential class members together as victims of particular illegal practices." *Jin Yun Zheng v. Good Fortune Supermarket Group,* No. 13-CV-60 (ILG), 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013) (internal quotation marks and citations omitted). "Although the plaintiff's burden at this initial stage is not onerous, mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (internal quotation marks and citations omitted); *see Jin Yun Zheng*, 2013 WL 5132023, at *4 ("Plaintiffs must make a factual showing; mere allegations in the complaint are not sufficient") (internal quotation marks and citations omitted). Thus, "[a] plaintiff must provide actual evidence of a factual nexus between his [or her] situation and those [he or she] claims are similarly situated rather than mere conclusory allegations," *Prizmic*, 2006 WL 1662614, at *2 (citations omitted), and "may satisfy this requirement by relying on [his or her] own pleadings, affidavits, declarations or the affidavits and declarations of other potential class members," *Hallissey v. Am. Online, Inc.,* No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). At the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Amador*, 2013 WL 494020, at *2-3. With these standards in mind, the court considers the plaintiffs' motion.

The court's initial review of the plaintiffs' motion papers revealed that five of the six

declarations, to wit, the declarations of Shea, Veselak, Oscar Mendez ("Mendez"), Ian Bigam ("Bigam") and Jackson Weber ("Weber"), in support of their motion were undated and contained the wrong caption. In their opposition papers, defendants highlighted the defects. Plaintiffs thereafter submitted revised declarations from named plaintiffs Veselak and Shea, and the former assistant manager of defendants Bigam that purportedly remedied the deficiencies raised by defendants and supported a factual showing that they and potential opt-in plaintiffs were victims of a common policy or plan that violated the law. However, a review of both the revised declarations coupled with the original declarations that were not revised reveals that inconsistencies as well as errors remain.

To begin with, the named plaintiff Spagnuoli declares under penalty of perjury that:

> [d]espite regularly working over 40 hours per week during my employment, I would not be compensated at time and a half my regular hourly rate *for all hours worked*.

(Tompkins Decl., dated Jan. 27, 2014, Ex. A, ¶ 4) (emphasis added). The errors continue in the declaration of the opt-in plaintiff Weber submitted in support of the plaintiffs' motion. (*Id*. at Ex. H.) The declaration of Weber contains a caption for a different action, an incorrect case number referencing a different judge and magistrate judge than those assigned to the within action and is undated. (*Id*. at Ex. H.) Weber also declares under penalty of perjury that he was not compensated at time and a half for all hours that he worked, a policy which would not be unlawful. (*Id.* at ¶ 4) (emphasis added). In yet another example of a deficient declaration, Oscar Mendez ("Mendez"), a former litigant against Louie's, submitted a declaration in support of the plaintiffs' motion that is undated and contains an averment of a policy that is likewise inconsistent with Shea and Veselak. (*Id*. at Ex. F, ¶ 4).

Notwithstanding the fact that two of the named plaintiff's declarations are consistent with

a former employee of defendants, the plaintiffs' papers in support of their motion for conditional certification are so riddled with errors and inconsistencies that the court is concerned that they are not reliable. The court is required even at this stage of the conditional certification process to verify that the named plaintiffs and other potential plaintiffs were victims of a common plan and policy that violated the law and is unable to do so based on the submissions. Accordingly, in view of the foregoing, the plaintiffs' motion is denied, with leave to renew.

Dated: Central Islip, New York
June 5, 2014

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge