# BINDING ARBITRATION AGREEMENT

Louie's Seafood Restaurant, LLC ("Louie's") believes that if a dispute related to an employee's or former employee's employment arises, it is in the best interests of both the individual and Louie's to resolve the dispute without litigation. When such disputes are not resolved internally, Louie's provides for their resolution by binding arbitration as described in this Binding Arbitration Agreement ("Agreement"). "Louie's" and the "Firm" as used in this Agreement mean Louie's Seafood Restaurant, LLC.

This Agreement will be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

As a condition of and in consideration of my employment or continued employment with Louie's, I agree with Louie's as follows:

1. SCOPE:    Any and all "Covered Claims" (as defined below) between me and Louie's (collectively "Covered Parties" or "Parties", individually each a "Covered Party" or "Party") shall be submitted to and resolved by final and binding arbitration in accordance with this Agreement.

2. COVERED CLAIMS:    "Covered Claims" include all legally protected employment-related claims, excluding those set forth below in Paragraph 3 and 4 of this Agreement, that I now have or in the future may have against Louie's or its officers, directors, shareholders, employees or agents which arise out of or relate to my employment or separation from employment with Louie's and all legally protected employment-related claims that Louie's has or in the future may have against me, including but not limited to, claims of employment discrimination or harassment if protected by applicable federal, state or local law, and retaliation for raising discrimination or harassment claims, failure to pay wages, tips, bonuses or other compensation, tortious acts, wrongful, retaliatory and/or constructive discharge, breach of an express or implied contract, promissory estoppels, unjust enrichment, and violations of any other common law, federal, state, or local statute, ordinance, regulation or public policy, including but not limited to Title VII of the Civil Rights Act of 1964, the Civil Right Acts of 1866 and 1991, the Age Decimation in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, New York Labor Law, the Equal Pay Act of 1963, Section 1981 of the Civil Rights Act, and the Worker Adjustment and Retraining Notification Act.

3. EXCLUDED CLAIMS:    This Agreement does not cover, and the following claims are <u>not</u> subject to arbitration under this Agreement: (a) any criminal complaint or proceeding, (b) any claims covered by state unemployment insurance, state or federal disability insurance, and/or state workers' compensation benefit laws, except that claims for retaliation pursuant to these laws shall be subject to arbitration under this Agreement, (c) any claim under the National Labor Relations Act, and (d) claims for benefits under a plan that is governed by Employee Retirement Income Security Act of 1974 ("ERISA").

Further, this Agreement also does not cover any action seeking only declaratory and/or emergency, temporary or preliminary injunctive relief (including a temporary restraining order) in a court of competent jurisdiction in accordance with applicable law, so long as that section is brought on an individual basis and not on a consolidated basis or as part of a collective or class action.

4. CLASS ACTION/COLLECTIVE ACTION WAIVER: All Covered Claims under this Agreement must be submitted on an individual basis. No claims may be arbitrated on a class or collective basis unless required by applicable law. Covered Parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate in a representative or joint action, regardless of whether the action is filed in arbitration or in court. Furthermore, if a court orders that a class, collective, or other representative or joint action should proceed, in no event will such action proceed in the arbitration forum, subject to applicable law. Claims may not be joined or consolidated in arbitration with disputes brought by other individual(s), unless agreed to in writing by all parties or required by applicable law. To the extent there is a question of enforceability of class or collective arbitration, it shall be decided only by a court, not an arbitrator.

The arbitrator's authority to resolve disputes and make awards under this Agreement is limited to disputes between: (i) an individual and Louie's; and (ii) the individual and any current or former officers, directors, employees and agents, if such individual is sued for conduct within the scope of their employment. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

I retain the right to challenge the validity of this Agreement upon grounds that may exist at law or equity and will not be subject to any form of retaliation for asserting such rights.

5. ADMINISTRATIVE AGENCIES: I understand that this Agreement does not preclude me from filing an administrative claim or charge with the Equal Employment Opportunity Commission ("EEOC") and/or the New York State Division of Human Rights ("NYSDHR") to investigate alleged violations of laws enforced by the EEOC or the NYSDHR. However, I understand that I am not required to initiate an administrative proceeding before pursuing a Covered Claim under this Agreement. In the event I file such an administrative proceeding I understand that I cannot pursue Covered Claims under this Agreement without first exhausting all required administrative remedies, such as obtaining a right to sue notice from the EEOC in order to arbitrate federal discrimination claims that require such a notice. By responding to administrative agencies, Louie's does not waive its right to enforce this Agreement and the arbitrator shall treat a decision of an administrative agency in the same manner as it would be treated by a court of law.

6. INITIATING ARBITRATION: Arbitration under this Agreement shall be conducted before a single neutral arbitrator of the American Arbitration Association ("AAA")(unless the Parties agree upon another mutually acceptable arbitrator, in which case the arbitration will be conducted before such mutually acceptable arbitrator) in

08/15

accordance with and selected pursuant to the rules and procedures of the Employment Arbitration Rules of the AAA ("AAA Rules") to the extent the AAA Rules do not conflict with the terms of this Agreement or applicable law. The AAA Rules will govern issues not explicitly addressed by this Agreement. Where there is a conflict between this Agreement and the AAA Rules, this Agreement will govern. Where there is conflict between applicable law and the AAA rules and/or this Agreement, the applicable law will govern. I understand that arbitration under this Agreement will occur in New York.

To initiate arbitration:

- A Covered Party must send a written demand for arbitration to any office of the AAA (or if another mutually acceptable arbitrator has been agreed by the parties, to the office of such other arbitrator). The Covered Party submitting the demand for arbitration must also simultaneously send a copy of the written demand for arbitration to the other Party (if being sent to Louie's, the copy should be sent to the following address Louie's Seafood Restaurant, LLC, c/o The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, NY 11514).

- Both of the following must be included in the demand for arbitration:

    (a) A statement of the nature of the dispute, including the alleged act or omission at issue, the names of the parties involved in the dispute, the amount in controversy, if any, the remedy sought to resolve the issue (including the dollar amount, if any), the mailing address for future correspondence and the legal counsel, if any, and

    (b) Any required filing fee. If a Covered Claim is filed by me, the filing fee is $100 payable by check, money order or any other method of payment permitted by the AAA (or another mutually acceptable arbitrator agreed to by the parties). In the even the filing fee required by state or federal court in which the Covered Claim could have been brought is less than $100, Louie's agrees to refund to me the difference between $100 and such state or federal court filing fee within 30 days of receiving notice of payment. Any demand received by the AAA (or another mutually acceptable arbitrator agreed to by the Parties) that is not accompanied by the required filing fee will be returned.

Nothing in this Agreement releases a Covered Party from any obligation to comply with timely filing requirements and statutes of limitations under applicable law, statutes, or regulations. Thus, whether or not a Covered Party chooses to file with administrative agencies, his/her arbitration must still be initiated as an arbitration within the applicable administrative statutory or judicial filing time frame, as required by law, and the demand for arbitration must be received at the address above within the time period allowed pursuant to the statute, regulation or other law applicable to the alleged act or omission giving rise to the dispute. Nothing in this Agreement is intended or should be construed

08/15

to shorten or extend the statute(s) of limitations and/or filing periods that exist under applicable law.

The submission and timing of any response to an arbitration demand shall be in accordance with AAA's Rules, which currently provides that a response be filed within 15 days after the date of the latter from the AAA (or other mutually agreed to arbitrator) acknowledging receipt of the demand for arbitration.

7. ARBITRATION PROCEEDING: The arbitrator will conduct the hearing as expeditiously as possible, while ensuring that all Parties have the opportunity to present evidence and arguments and ensuring that the Agreement is followed. The arbitrator will set the date, time, and place of the hearing, and AAA (or other arbitration provider mutually agreed to by the parties) will notify the Parties at least 30 calendar days in advance, unless the Parties otherwise agree. In the event the hearing cannot reasonably be completed in one day, the arbitrator will schedule the hearing to be continued on a date or dates that is/are convenient to both Parties. The arbitrator will make every effort to select a reasonably convenient location for the continued arbitration, without incurring additional expenses, if possible.

   (a) Fees: All ordinary and reasonable administrative expenses of the arbitration, including fees for a single arbitrator, hearing room expenses, travel expenses of the arbitrator, the AAA representatives (if applicable), and any witnesses produced at the arbitrator's specific request and not otherwise called by a party, will be paid completely by Louie's. The fees and expenses of any witness, expert, consultant, interpreter, and others retained or consulted by a party shall be paid by the party requiring the presence of such persons, subject to applicable law. Louie's will not pay for fees or costs incurred as a result of deliberate and inappropriate delay or absence caused by employees or their counsel, as determined by the arbitrator and permitted by applicable law. Except as otherwise provided by law, all attorney's fees shall be paid by the party that incurs them. Nothing in this Agreement is intended or should be construed to require employees to bear any type of expense that they would not otherwise bear if the Parties were to litigate a Covered Claim in court of law.

   (b) Legal Representation and Language Interpreter: The Parties (if desired) may use the services of legal counsel and/or language interpreter. The Parties utilizing such services are responsible for making and paying all fees and other arrangements directly with the legal counsel and/or interpreter, subject to applicable law. Nothing in this Agreement is intended or should be construed to require employees to bear any type of expense that they would not otherwise bear if the Parties were to litigate a Covered Claim in a court of law.

   (c) Attendance at and Confidentiality of Arbitration Hearing: The Covered Party, a Louie's corporate representative of its choosing, and the arbitrator must be present at the hearing. In addition, an official recorder and legal counsel (for any party) also may attend the hearing. Further, the Parties may call witnesses to testify at the arbitration. Unless the parties agree otherwise, the arbitrator shall exclude witnesses

(other than the represented Parties) from the hearing during the testimony of any other witness. The arbitrator, the Parties and their representatives must maintain the confidentiality of the hearings unless the law provides otherwise.

(d) Discovery: Discovery requests and the provisions of discovery must be consistent with this Agreement, general standards of due process, the Rules of AAA and the expedited nature of arbitration. The guidelines below are only guidelines, do not establish a minimum or maximum of discovery, and will be applied subject to their principles. Thus, there may be cases which warrant more or less discovery than that outlined below.

- At least 20 days before the arbitration hearing, the Parties must submit the names and addresses of the witnesses each party intends to produce and any documents each party intends to present. The Parties may add to such information up to 10 days before the hearing. All such submissions are final after that point absent a finding of good cause by the arbitrator.

- In general, the Parties may take the depositions of all expert witnesses and up to 3 other individuals. Any individual who certifies he/she has no direct knowledge of the facts should not be deposed as a fact witness. At least 10 days' prior notice should be given by the party requiring a deposition and advance efforts should be made to mutually agree on deposition dates, including the time and place for any depositions to be taken. The party requesting the deposition is responsible for all related costs for that deposition. Discovery must be completed at least 20 days before the hearing. The arbitrator may alter the timing and scope of discovery as necessary or upon request of the Parties.

- The arbitrator will resolve discovery dispute and may expand or restrict the scope of discovery within his or her reasonable discretion, and the rules of AAA consistent with the expedited nature of arbitration.

(e) Prehearing Motions: The arbitrator is authorized to consider and rule on prehearing motions, including discovery motions, motions to dismiss and summary judgment on the claims, provided that the other party has reasonable notice and time to respond to any such prehearing motions. Any dispute which fails to state a claim upon which relief may be granted under applicable law (including, but not limited to claims that are barred by the applicable statute of limitations or mandated timeframe for filing such claim, or that are barred by an enforceable release, or involve a claim against someone who was not associated with the conduct at issue) is subject to dismissal without an evidentiary hearing. Any ruling regarding such motion shall be made consistent with the *Form of Decision* and *Scope of Relief* sections in this Agreement.

(f) Time of Decision: The arbitrator will make the decision within 30 days of the close of the hearing or as soon as possible thereafter, unless otherwise agreed to by the Parties or otherwise specified by law.

(g) Form of Decision: The decision will be in writing and signed by the arbitrator. Unless otherwise agreed to by the Parties, the decision will include a summary of claims arbitrated and decided, a reasoned opinion setting forth any findings of fact or conclusions of law, and damages and other relief (if any) granted. All decisions shall be executed in the manner required by law. The decision will be final and binding upon the Parties, and appeal of the decision to a court shall be limited as provided by the FAA.

(h) Scope of Relief: The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in a court, including the award of monetary damages and the imposition of requirements on the Parties (including injunctive relief), as permitted by applicable law. The arbitrator may award only such relief as may be granted for a Covered Claim brought in court on an individual basis under applicable law. The arbitrator may award punitive or exemplary damages or attorneys' fees as provided or limited by applicable law. Nothing in this Agreement is intended or should be construed to limit the remedies that otherwise would be available to the Parties in court of law.

(i) Enforcement of Arbitration Decision/Judicial Procedure: The decision of the arbitrator may be enforced under the terms of the FAA to the maximum extent possible. Either party may have an arbitration decision enforced in a court of law in accordance with applicable the FAA. If this occurs, neither the arbitrator nor AAA will be involved in the court proceedings.

If a court determines that the decision is not completely enforceable, it will be enforced and binding on both parties to the maximum extent permitted by law.

8. SEVERABILITY: If any part of this Agreement is held to be void or unenforceable, the remainder of the Agreement will be enforceable and any part may be severed from the remainder as appropriate, to the extent permitted by law. For example, if a court determines that a particular provision of this Agreement is in conflict with mandatory provision of applicable law in that jurisdiction, such provision(s) will not be enforced in that jurisdiction, but the exclusivity of the Agreement and its use of arbitration as the sole and exclusive forum for all Covered Claims within its scope shall not be affected. Any dispute as to the arbitrability of a particular issue or claim pursuant to this Agreement is to be resolved in arbitration. Notwithstanding the foregoing, any issue concerning the validity of the class, collective, or representatives or joint action waiver provided in Paragraph 4 of this Agreement must be decided by a court with jurisdiction over the Parties, and an arbitrator does not have authority to consider the issue of the validity of the waiver. If for any reason the class, collective, or representative or joint action waiver is found to be unenforceable, the class, collective, or representative or joint action may only be heard in court and may not be arbitrated under this Agreement.

9. AMENDMENT OR TERMINATION OF AGREEMENT: Louie's reserves the right to amend, modify or discontinue this Agreement at any time in its sole discretion to the

08/15

extent permitted by applicable law. Such amendments may be made by providing copies of the amendment to me at my last known address. Amendment, modification or discontinuation of the Agreement will not affect pending arbitration proceedings. Continuation of my employment after receiving such amendments or modifications will be considered my acceptance of the amended terms.

*This Agreement does not alter the voluntary ("at will") nature of my employment relationship with the Firm, nor does it afford any rights or remedies not otherwise available under applicable law. Of Course, this Agreement does not require that Louie's initiate arbitration before taking corrective action of any kind, including termination of employment.*

Agreed and Accepted:

Print & Sign _____        Dated: _____

*Kevin Speinc*

Manager Print & Sign _____        Dated: _____

**Check One:**

____ I have been given this notice in English because it is my primary language.

____ My primary language is _____. I have been given this notice in my primary language.

08/15