UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SPAGNUOLI, KELLIE SHEA, and JOSEPH VESELAK, individually and on behalf of other persons similarly situated who were employed,<br><br>                Plaintiffs,<br><br>-against-<br><br>LOUIE'S SEAFOOD RESTAURANT, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LCC, and/or MARTIN PICONE and MICHAEL GUINNANE,<br><br>                Defendants. | Case No. 13-CV-4907(JMA)(ARL) |

**DECLARATION OF LLOYD R. AMBINDER, ESQ. IN SUPPORT OF THE JOINT MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

   LLOYD R. AMBINDER, an attorney admitted to practice law in the State of New York and before the United States District Court for the Eastern District of New York, hereby affirms under the penalties of perjury that:

   1.  I am a partner with the firm of Virginia & Ambinder, LLP and, along with the firm Leeds Brown Law, P.C., (collectively "Proposed Class Counsel") represent Plaintiffs in this action. I submit this declaration in support of the parties' joint request that the Court preliminarily approve the settlement reached by the parties, certify the settlement class pursuant to Fed. R. Civ. P. 23, certify the collective action pursuant to 29 U.S.C. § 216(b), appoint Plaintiffs' Counsel as Class Counsel, and approve the Notice of Proposed Settlement of Class and Collective Action and Claim and Release Form.

2.      In order to avoid the uncertainties of litigation and costs associated with the continued prosecution of this matter, the parties have entered into a Settlement Agreement and Release (the "Settlement Agreement"), attached hereto as Exhibit A.

3.      Also attached are true and accurate copies of the Notice of Proposed Class and Collective Action Settlement and Claim Form, attached as Exhibit B.

4.      The basic terms of the Settlement Agreement were reached after extensive formal and informal discovery, motion practice, and substantive settlement negotiations.

5.      The Settlement Agreement represents a significant recovery given the potential damages and the substantial risks that would present themselves if the case proceeds to trial.

6.      Class Counsel conducted an investigation of Defendants' business practices, including consulting with the Named Plaintiffs, engaging in discovery by reviewing essential documents related to the claims, including pay records, time records, tip records and other restaurant related documents, participating in multiple in-person and telephonic settlement conferences, drafting and responding to discovery for Opt-in Plaintiffs, assessing measures of damages, and weighing Defendants' affirmative defenses.  Class Counsel believes the Settlement Agreement is fair and reasonable.

7.      Class Counsel has obtained final approval of numerous class-wide settlements in the past few years. See e.g., Tart v. Lions Gate Entm't Corp., No. 14-CV-8004 (AJN) (S.D.N.Y. May, 16, 2016); Vitetta v. Sirius XM Radio Inc., No. 14-cv-2926 (VEC) (S.D.N.Y. Feb. 15, 2016); Arias v. Clear Channel Broad., Inc., No. 14-CV-5088 (LTS) (S.D.N.Y. Feb. 11, 2016); O'Jeda v. Viacom, Inc., No. 13-CV-5658 (JMF) (S.D.N.Y. Jan. 13, 2016); see also, Macaluso v. Woodbury International, Inc., Index No. 3216/2012 (Sup. Ct., Nassau Cty., Sept. 9, 2015) (J. Diamond); Chhab v. Montclair Hotels GCNY, LLC, Index No. 2358/2012 (Sup. Ct. Nassau Cty.,

July 14, 2015) (J. Sher); Lopez v. Bethpage Associates, Index No. 003465/2012 (Sup. Ct. Nassau Cty. Aug. 22, 2015); Parada v. Westbury Manor Enterprises, Inc., Index No. (Sup. Ct. Nassau Cty., July 1, 2014) (J. DeStefano); In re: Penthouse Executive Club Compensation Litigation, 10-CV-1145 (KMW) (S.D.N.Y. Jan. 14, 2014); Chavarria v. Crest Hollow Country Club at Woodbury, Inc., Index No. 017464/2011 (Sup. Ct. Nassau Cty., Comm. Div., Dec. 13, 2013) (J. DeStefano); Khaimov v. JEM Caterers of Roslyn, LLC, Index No. 3215/2012 (Sup. Ct. Nassau Cty., Oct. 16, 2013); Ruiz v. Scotto's Smithtown Restaurant Corp., Index No. 600317/2010 (Sup. Ct. Nassau Cty., June 17, 2013); Toledo v. DCJ Catering Corp., Index No. 600994/2011 (Sup. Ct. Nassau Cty., Dec. 13, 2013) (J. Driscoll); McBeth v. Gabrielli Trucking, 09-CV-4112(LDW) (E.D.N.Y. 2011).

        8.      Additionally, V&A and LBL have served as co-counsel together on numerous wage and hour class and collective actions, such as: Destin v. World Financial Group, Inc., 13-cv-00276 (ARR) (N.D. Ga. Feb. 11, 2015) (granting conditional certification to a nationwide class of more than 200,000 workers); Weinstein v. Jenny Craig Operations, Inc., 2011/105520 (Sup. Ct. N.Y. Cty., Oct. 24, 2013) (granting certification to workers at Jenny Craig locations across New York state); Williams v. Air Serv Corp., Index. No. 108648/2010 (Sup. Ct. N.Y. Cty., April 19, 2013); Marcus et al. v. AXA Advisors, LLC, 11-CV-2339 (SJ)(SMG) (E.D.N.Y., June 26, 2012) (granting nationwide conditional certification under the FLSA of nearly 3,000 financial service workers).

        WHEREFORE, for the reasons set forth above and those in the accompanying memorandum of law, Plaintiffs respectfully request that the Court preliminarily approve the settlement reached by the parties, along with such further relief as this Court deems necessary.

Dated: New York, New York
December 16, 2016

                                                  VIRGINIA & AMBINDER, LLP

                                                  _____/s/_____
                                                  Lloyd R. Ambinder, Esq.
                                                  40 Broad Street, 7th Floor
                                                  New York, New York 10004
                                                  Tel : (212) 943-9081
                                                  lambinder@vandallp.com