UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL SPAGNUOLI, KELLIE SHEA, and
JOSEPH VESELAK, individually and on behalf of
other persons similarly situated who were employed,

                            Plaintiffs,

        -against-

LOUIE'S SEAFOOD RESTAURANT, LLC and/or
any other entities affiliated with, controlling, or
controlled by LOUIE'S SEAFOOD RESTAURANT,
LLC, and/or MARTIN PICONE and MICHAEL
GUINNANE,

                        Defendants.

Case No. 13-cv-4907(JMA)(ARL)

## STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

      This Stipulation of Settlement and Release Agreement ("Agreement") is entered into by and between Joseph Veselak ("Veselak") and Michael Spagnuoli ("Spagnuoli") (collectively referred to as "Named Plaintiffs") on behalf of themselves individually and on behalf of the Settlement Class, and Louie's Seafood Restaurant, LLC ("Louie's"), Martin Picone ("Picone"), and Michael Guinnane ("Guinnane") (collectively referred to as "Defendants").

### RECITALS AND BACKGROUND

      WHEREAS, the Named Plaintiffs filed a Complaint in this Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York's State Labor Laws claiming that Defendants failed to pay overtime wages ("FLSA Action");

      WHEREAS, Plaintiffs have asserted other claims against the Defendants and the Defendants have asserted defenses in another action captioned as *Veselak v. Louie's Seafood Restaurant, LLC*, Index No. 603267/2015 (Sup. Ct. Nassau Cty.) ("NYLL Action");

      WHEREAS, Louie's employees executed arbitration agreements that were waived by Louie's with respect to wage and hour claims in this Action. Notwithstanding this voluntary waiver for settlement purposes only, Louie's maintains that these arbitration agreements are in full force and effect for all Class Members, whether Class Members opt-in or opt-out of this settlement;

      WHEREAS, the Parties have engaged in extensive formal and informal discovery during the course of the FLSA Action which also concerned discovery of claims in the NYLL Action;

1



WHEREAS, the Parties have engaged in numerous and protracted settlement negotiations to arrive at the settlement described herein;

WHEREAS, Defendants deny and continue to deny all of the allegations made by Plaintiffs in the FLSA Action and the NYLL Action and have denied and continue to deny that they are liable or owe unpaid wages or damages to anyone with respect to the alleged facts or causes of action asserted in the FLSA Action or the NYLL Action. Nonetheless, without admitting or conceding any liability or that they owe any money to anyone whatsoever, Defendants have agreed to settle the FLSA Action and the NYLL Action on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the FLSA Action and/or the NYLL Action;

WHEREAS, the purpose of this Agreement is to settle fully and finally all New York State law claims (whether pursuant to statute, regulation and/or case law) and federal law claims (whether pursuant to statute, regulation and/or case law), between the Defendants and any employee who worked for Louie's from September 4, 2007 through the date the Court approves this Agreement in the FLSA Action (collectively referred as "Class Members"), including all claims asserted or could have been asserted in the FLSA Action and/or the NYLL Action in order to avoid the burden, expense, and uncertainty of continuing the FLSA Action and/or the NYLL Action; and

WHEREAS, Class Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on the Class Members and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel and the Named Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs, the Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.   DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1   **FLSA Action** shall mean the lawsuit pending in the Eastern District of New York, entitled *Spagnuoli, et al. v. Louie's Seafood Restaurant, LLC, et al.*, under Docket Number 13-cv-4907(JMA)(ARL).

1.2   **Agreement.** "Agreement" means this Stipulation of Settlement and Release Agreement.

1.3   **Authorized Claimant.** "Authorized Claimant" means Named Plaintiffs, a Class Member, or the authorized legal representative of such a Class Member, who timely files



2

a Claim Form (and does not file an Opt-Out Statement) in accordance with the terms of this Agreement, and who is therefore entitled to receive a Settlement Check.

1.4 **Claim Bar Date.** "Claim Bar Date" shall mean the last date for a Class Member to perform one of the following acts as further defined in this Agreement: (i) file a Claim Form; (ii) opt-out of the FLSA Action, or (iii) file a timely objection to the proposed settlement, which date shall be no later than sixty (60) days after the initial mailing of Notice of Proposed Settlement of Class Action Lawsuit. To the extent that a Notice is returned without a forwarding address, the Claims Administrator will conduct a skip-trace to locate the Class Member, and re-mail the Notice within five (5) business days of receipt of the Notice without a forwarding address. A Class Member whose initial Notice is returned without a forwarding address shall have until the Claim Bar Date or fifteen days from the date of re-mailing to return the Claim Form, whichever is later.

1.5 **Claim Form.** "Claim Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement of Class Action Lawsuit, that the Class Members must sign and return post-marked by the Claim Bar Date. The Claim Form must be timely filed with the Claims Administrator for a Class Member to be eligible to receive his/her distribution from the Settlement Fund Account.

1.6 **Claims Administrator.** "Claims Administrator" shall mean a qualified entity selected by Class Counsel to provide Notice and the Claim Forms to the Class to Class Members.

1.7 **Class or Class Member(s).** "Class" or "Class Members" shall be defined as all present and former persons employed by Defendants at the restaurant commonly known as Louie's Oyster Bar & Grille at any time between Sept. 4, 2007 through the date the Court approves this Agreement in the FLSA Action.

1.8 **Class Claimant.** "Class Claimant" shall mean a Class Member who files a Claim Form and Release, post-marked on or before the Claim Bar Date, electing to participate in the settlement of this FLSA Action. For Claim Forms submitted without a post-mark, such Claim Forms must be received by the Claims Administrator on or before the Claim Bar Date.

1.9 **Class Counsel or Plaintiffs' Counsel.** "Class Counsel" or "Plaintiffs' Counsel" shall mean Virginia & Ambinder, LLP, 40 Broad St., 7th Floor, New York, NY 10016, and Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514. Class Counsel represents that as of the date of the execution of this Agreement, and with the exception of Kellie Shea, through the date of the Final Order, Class Counsel does not represent any former or current employees of the Defendants with respect to any claims asserted or to be asserted against the Defendants, except those resolved by this Settlement Agreement. Class Counsel agrees that this specific term of this Agreement is a material representation, inducing the Defendants into entering into this Agreement.

1.10 **Class Member List.** "Class Member List" shall mean a list of all Class Members, identified by: (i) name; (ii) last known address; (iii) dates of employment during the Relevant Time Period, including the total number of weeks worked by every Class

3



Member during the Covered Period. Social Security Number will be provided to the Claims Administrator after the Claims Administrator serves Notice upon the Defendants of any returned mailings and then the Defendants shall have ten (10) days to provide the Claims Administrator the Social Security Numbers in the Defendants' possession regarding any Class Member whose mailing was returned and the Claims Administration shall use the Social Security Numbers solely to perform a search for any returned mailings.

1.11 **Court**. "Court" shall mean the United States District Court for the Eastern District of New York, the Honorable Joan M. Azrack, U.S.D.J. presiding.

1.12 **Covered Period.** "Covered Period" shall mean the period from Sept. 4, 2007 through the date the Court approves this Agreement in the FLSA Action.

1.12 **Days. "**Days" shall mean calendar days.

1.13 **Defendants.** "Defendants" shall mean Louie's Seafood Restaurant, LLC; Donovan's of Bayside LLC, Martin Picone, Michael Guinnane and all other related entities.

1.14 **Defense Counsel.** "Defense Counsel" shall be The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, New York 11514.

1.15 **Effective; Effective Date.** "Effective" shall mean the occurrence of all of the following, and "Effective Date" shall be the latest date that the following occurred:

(A) the Court has entered Judgment and ruled on the motions for awards of service payments to the Named Plaintiffs pursuant to Section 3.2(D) and for attorneys' fees and reasonable costs pursuant to Section 3.3; and

(B) the Judgment and the rulings on such motions have become Final. "Final" means the later of:

(1) 31 days after the Court enters Judgment if no reconsideration or rehearing or appeal is sought;

(2) If rehearing or reconsideration is sought, after any and all avenues of rehearing or reconsideration have been exhausted and no further rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

(3) If a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate

4



decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

**1.16**   **Fairness Hearing.** "Fairness Hearing" shall mean the hearing held before the Honorable Joan M. Azrack, relating to the Motion for Final Approval.

**1.17**   **Fee Award.** "Fee Award" shall mean the Court-approved attorneys' fees, costs and expenses as described in Section 3.3.

**1.18**   **Final Order.** "Final Order" shall mean the order entered by the Court after the Fairness Hearing or the Motion for Final Approval approving the terms and conditions of this Agreement, distribution of the settlement payments, service awards to the Named Plaintiffs, approval of professional fees and costs, and dismissal of this action.

**1.19**   **FLSA Claims.** "FLSA Claims" shall mean all federal wage and hour claims that could have been asserted pursuant to the Fair Labor Standards Act by or on behalf of the Class Members. Released FLSA Claims include, but are not limited to, all claims under federal law, whether by statute, regulation or case law for unpaid overtime wages, minimum wage, and any other related federal wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims.

**1.20**   **Implementing Order.** "Implementing Order" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

**1.21**   **Named Plaintiffs.** "Named Plaintiffs" shall mean Joseph Veselak and Michael Spagnuoli. The Named Plaintiffs shall be deemed Class Claimants by executing this Agreement.

**1.22**   **Notice.** "Notice" shall mean the Court-approved Notice of Proposed Settlement of the FLSA Collective Action and Class Action, respectively, and including notice of an opportunity to opt-out and/or object to the proposed settlement.

**1.23**   **NYLL Action.** "NYLL Action" shall mean the lawsuit pending in the New York State Supreme Court, Nassau County entitled *Veselak v. Louie's Seafood Restaurant, LLC*, under Index No. 603267/2015. Upon the Effective Date, the Parties agree to execute and file a Stipulation of Discontinuance With Prejudice of the NYLL Action.

**1.24**   **Opt-in Plaintiffs.** "Opt-in Plaintiffs" shall mean all individuals who submitted consent to join forms in this Action, as of August 2, 2016.

**1.25**   **Parties.** "Parties" shall refer to the Named Plaintiffs, Opt-in Plaintiffs, and Defendants collectively.

**1.26**   **Released Class Claims.** "Released Class Claims" shall become effective upon payment of the Settlement Amount, and means any and all claims, demands, rights, actions, causes

of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues that arise out of, relate to, or concern the allegations in the Action during the period of September 4, 2007 through the date the Court approves this Agreement, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been or might have been asserted in any court, tribunal or proceeding, against Released Entities, including but not limited to, statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, improper notice, spread of hours, unpaid gratuities, service charges, prevailing wage, living wage, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief.  This release includes any such claims under New York State Labor Law and any other State or local law.

1.27 **Released Entities.** "Released Entities" means Martin Picone, Michael Guinnane, their respective trusts, estates, heirs, executors, administrators, spouses, attorneys, agents, successors, and assigns, along with Louie's Seafood Restaurant, LLC, Donovan's of Bayside, LLC, as well as their individual and collective trusts, subsidiaries, parents, affiliates, partners (general and limited), members, lenders, (including any administrative agent or collateral agent for such lenders), creditors, managers, owners, directors, members, employees, agents, representatives, attorneys, trustees, executors, heirs, transferees and assigns of any and all of them in their individual and/or representative capacities.

1.28 **Settlement Checks.** "Settlement Checks" shall mean the checks issued to the Class Claimants from the Settlement Fund Account as calculated by Class Counsel in accordance with this Agreement.

1.29 **Settlement Fund Account.** "Settlement Fund Account" shall mean the FDIC insured account created by the Defendants upon the terms set forth in this Agreement, at ¶ 3.1, which shall be used to fund the settlement as discussed in this Agreement.  The total amount of money in the Settlement Fund Account to be funded by the Defendants shall not exceed $170,000.00.

1.30 **State Law Claims**.  "State Law Claims" shall mean all wage and hour claims that were or could have been asserted in the FLSA Action or the NYLL Action under New York State Labor Law, whether by statute, regulation or case law by or on behalf of the Class Members, excluding Class Members who opt-out of the settlement. Released State Law Claims include, but are not limited to, all claims under New York State law, whether by statute, regulation or case law for unpaid overtime wages, unpaid minimum wage claims, unpaid gratuities claims, spread of hours, paystub violations, tip credit violations, and any other related state law wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims.



6

**2.      SETTLEMENT PROCEDURES**

**2.1     Class Certification.**   For purposes of settlement only, the Parties stipulate to class certification under Rule 23 of the Federal Rules of Civil Procedure and conditional certification under § 216(b) to include all Class Members during the Covered Period. Defendants may not oppose such application so long as it is consistent with the terms and conditions of this Agreement.

**2.2     Retention of the Claims Administrator.**   Class Counsel shall engage a Claims Administrator that is agreeable to the Defendants, who shall be paid out of the Settlement Fund.

  (A)     **Responsibilities of the Claims Administrator**.   The Claims Administrator shall be responsible for:

  1.   preparing, printing and disseminating the Notice and Claim Form to the Class;

  2.   copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party;

  3.   promptly furnishing to counsel for the Parties copies of any Opt-out Statements, objections or other written or electronic communications from the Class which the Administrator receives;

  4.   filing with the Court any Opt-out Statements or written objections;

  5.   receiving, reviewing and stamping immediately upon receipt the Claim Forms submitted by the Class;

  6.   keeping track of Opt-out Statements including maintaining the original mailing envelope in which the request was mailed;

  7.   ascertaining current address and addressee information for each Notice and Claim Form returned as undeliverable and the mailing of Notice and Claim Form;

  8.   responding to inquiries of the Class regarding procedures for filing objections, Opt-out Statements, and Claim Forms;

  9.   referring to Plaintiffs' Counsel all inquiries by the Class regarding matters not within the Claims Administrator's duties specified herein. However, Class Counsel shall not initiate any communication with any Class Member other than the Named Plaintiffs and FLSA Claimants, except in response to an inquiry forwarded by the Claims Administrator pursuant to this Paragraph;

7

10.     responding to inquiries from Class Counsel and Defense Counsel consistent with the Claims Administrator's duties specified herein;

11.     promptly apprising Class Counsel and Defense Counsel of the activities of the Claims Administrator;

12.     maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and mailing and receipt of Claim Forms(s), returned mail and other communications and attempted written or electronic communications with the Class;

13.     providing Defendants' counsel with timely written notice of instructions as to where to send Defendants' funding checks; and

14.     such other tasks the Parties mutually agree.

(B)     In addition, on a rolling basis throughout the claims period, and no later than fifteen (15) days prior to the Fairness Hearing, the Claims Administrator shall certify to Class Counsel and to Defense Counsel (a) a list of all Class Members who timely filed their Claim Forms; (b) a list of all Class Members who filed timely objections; (c) a list of all Class Members who did not file a Claim Form; (d) a list of all Class Members who requested to opt-out of the settlement at any time during the opt-out period, and (e) estimated calculations for the Authorized Claimants, fees, costs, and expenses.  The Claims Administrator shall also provide counsel for the Parties with an updated address list for the Class.  Throughout the period of claims administration, the Claims Administrator will provide reports to the Parties upon request by either Party, regarding the status of the mailing of the Notices and Claims Forms to the Class, and any other aspect of the claims administration process.

(C)     The Parties will have equal access to the Settlement Claims Administrator.  Class Counsel and Defendants agree to use their best efforts to cooperate with the Settlement Claims Administrator and provide reasonable assistance in administering the settlement.


2.6     **Notice.**

(A)     **Mailing and Publication of Notice.** The Notice, which shall be sent both in English and in Spanish, shall inform Class Members about this Settlement and shall also advise them of the opportunity to object to, opt-out of, or to file a Claim Form to obtain a Settlement Check pursuant to this Agreement, and/or to appear at the Fairness Hearing.  Within thirty (30) days of the entry of the Implementing Order by the Court, the Claims Administrator shall mail to all Class Members, via First Class United States Mail, the Court–approved Notice of Proposed Class Action Settlement and personalized Claim Form.  The Claims Administrator will take all reasonable steps to obtain the correct address of any Class Member for

whom a Notice and Claim Form is returned by the post office as undeliverable, including a skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address. The Claims Administrator shall notify Class Counsel and Defense Counsel of any Notice and Claim Form sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice and Claim Form returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.  The Notice shall not contain any identifying information on the outside of the envelope identifying the mailing as related to Louie's, Picone, and/or Guinnane.

(B)     **Bar Date.** Class Members shall have 60 days to return the validly executed Claim Form to the Claims Administrator to be deemed a Class Claimant. An additional 15 days will be given for individuals that can demonstrate good cause shown including not receiving notice, military service, hospitalization, or other circumstances.  Good cause will be determined by the Parties acting in good faith. If the Parties cannot resolve the dispute, the Parties will request judicial intervention to resolve the dispute.

## 2.7     Approval of the Implementing Order.

(A)     Class Counsel shall apply to the Court for approval of the proposed Notice and Claim Form upon execution of this Agreement.

(B)     The proposed Implementing Order shall seek the setting of a deadline of 60 days from the initial mailing of Notice and Claim Form to Class Members: (a) for Class Members to submit Claim Forms, (b) to file Opt-out Statements, and/or (c) to object to the settlement. The Proposed Implementing Order shall also seek to set a date for the Fairness Hearing for Final Approval of the Settlement which shall be no earlier than seventy-five (75) days following the date that the Court enters the proposed Implementing Order.

(C)     Class Counsel shall inform the Court of the intended process to obtain a "Final Order" that will, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release; (3) dismiss the Litigation; and (4) award Class Counsel's fees, expenses and costs.

(D)     Class Counsel shall provide a "Microsoft Word" version of the Preliminary Approval Motion, including the Memorandum of Law and Declaration in Support to Defendants' Counsel reasonably in advance of any deadline to file the same for review and comment and upon completion of such review, file the motion as "unopposed." Defendants reserve the right to oppose such application, however, only if the motion is inconsistent with the terms and conditions of this Agreement.

(E)     The Parties shall work together, diligently and in good faith, to obtain expeditiously an Implementing Order, Final Order, and dismissal in accordance with this Agreement with prejudice.  Any disputes which arise between the Parties

9



related to the Parties' efforts to obtain a Final Order, and dismissal with prejudice shall be submitted to this Court.

**2.8    Notice and Claims Forms to Class**

(A)    Within 20 days of the Preliminary Approval Order, Defendants shall provide Class Counsel and Claims Administrator with the Class Member List. All information provided regarding the Class will be treated as confidential information by Class Counsel and the Claims Administrator. Class Counsel and the Claims Administrator shall not disclose to any person the contents of the Class Member List, except to the extent authorized by this Agreement.

(B)    Class Members will have 60 days from the date of initial mailing to return the Claim Form and become a Class Claimant. To be effective, a Claim Form must be post-marked, email, or faxed by the Court-authorized Claim Bar Date or, for Claim Forms without a postmark, must be received by the Claims Administrator on or by the Court-authorized Bar Date. To the extent that the envelope, fax or email does not contain a post-mark or sending date, the date that the Claims Administrator stamps the envelope or Claim Form 'received' shall apply. This is a claims-made settlement so that only individuals who submit a claim form will receive a Settlement Check.

(C)    To the extent that a Notice is returned without a forwarding address, the Claims Administrator will conduct a skip-trace to locate the Class Member, and re-mail the Notice providing an additional 15 days to file a Claim Form via first class mail, which date shall be post-marked no later than fifteen (15) days after the original Claim Bar Date.

(D)    Class Counsel shall not publish and/or publicize the Notice in any manner other than specifically set forth herein. Other than necessary disclosures made to the Court and as may be required or mandated by court order, or any federal, state or local law or regulation, or any disclosures made pursuant to the terms of this Agreement, the fact and terms of this Settlement, the terms of this Agreement and the exhibits hereto, the Parties' settlement negotiations, and all related information has been and shall be held strictly confidential by Class Counsel, except as to the disclosures to Class Counsels' financial advisor(s) for tax purposes or financial planning, or to any taxing authority or government office or agency, and shall not be directly or indirectly disclosure to any third parties (including the media, by press release or otherwise) or included on any websites, provided that if Class Counsel receives inquiries from the media, Class Counsel shall state only that the Action has been resolved. Notwithstanding the foregoing, Class Counsel may communicate with Class Members of the purpose of implementing this settlement and may respond to inquiries from Class Members. Nothing herein shall limited the ability of Class Counsel to communicate with governmental authorities regarding this Agreement, if Class Counsel is legally required to do so, in which case Class Counsel shall give Defendants seven (7) business days' notice before any such communication occurs unless Class



10

Counsel is given less than seven (7) business days' notice of the required communication, in which event Class Counsel will give notice to the Defendants as soon as is reasonably possible. If Class Counsel violates the terms of this Section prior to Final Approval, Defendants may apply to the Court to have the Agreement rescinded thereby rendering it null and void and Defendants will no longer be bound to any of its terms.

(E)     The Notice sent to the Class Members shall state that, although express assent is not necessary to join the state law class action, a Class Member must both: (1) not opt into the FLSA Collective Action; and (2) opt-out of the Rule 23 class action in order to avoid being subsequently precluded from asserting his/her rights under the FLSA.

**2.9     Opt-outs.**

(A)     The end of the time period to opt-out of the settlement ("Opt-out Period") shall be on or before the Claim Bar Date.

(B)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to the Claims Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Louie's wage and hour settlement." ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked by the Claims Administrator or Class Counsel by the Bar Date. The Claims Administrator shall send to Class Counsel and Defense Counsel by email delivery no later than three (3) days after the receipt of the Opt-out Statement.

(C)     The Administrator will send a list of all Opt-out Statements to Class Counsel and Defense Counsel seven (7) days before the Fairness Hearing. The Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Administrator is relieved of its duties and responsibilities under this Agreement.

(D)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Final Order in this Action, and have any State Law Claims released and dismissed. Other than Named Plaintiffs, only those Class Members who timely complete and return a Claim Form post-marked or otherwise received by the Bar Date will be deemed authorized to participate in this settlement as a "Class Claimant."

(E)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Final Order in this Action and have any State Law Claims released and dismissed. Only those Class Members who timely

11



complete and return a Claim Form post-marked or otherwise received by the Bar Date will be deemed authorized to participate in this settlement as a Class Claimant

**2.10    Objections to Settlement.**

(A)     Objectors who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be effective, such statement must be mailed to the Claims Administrator via First-Class United States Mail post-marked or otherwise received by the Claim Bar Date. The Administrator shall stamp the date received on the original and send copies of each objection and supporting documents, to Class Counsel and Defense Counsel by email delivery no later than three (3) days after receipt of the objection.

(B)     An Objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time.  An Objector is a Class Member and an objection does not constitute the filing of an Opt-out Statement.

(C)     The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.11    Fairness Hearing and Motion for Final Approval and Dismissal.**

At the Fairness Hearing, the Parties will request that the Court, among other things: (1) approve the Stipulation of Settlement and Release Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement;; (2) order the attorneys' fees, expenses and costs to be paid to Class Counsel out of the Settlement Fund Account pursuant to the funding and payment schedule set forth in Paragraph 3.1; (3) (a) order the dismissal with prejudice of all State Law Claims by all Class Members who did not opt-out; (b) order the dismissal with prejudice of FLSA Claims and State Law Claims by all Class Claimants; (4) order entry of Final Judgment in accordance with this Agreement; and (5) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.



2.13    **Effect of Failure to Grant Final Approval.**  In the event the Court fails to enter the Final Order in accordance with this Agreement, the FLSA Action and/or the NYLL Action will proceed as if no settlement had been attempted.  In addition, Class Counsel and the Claims Administrator shall return to the Defendants the Class Member List.  With the exception of the Named Plaintiffs, opt-in plaintiffs, or any other individual who initiate communications with Class Counsel, Class Counsel and Claims Administrator shall not, in any way, communicate with any person on the Class Member List, shall not distribute or in any way disclose to any person the Class Member List, and shall return all paper or electronic copies of the Class Member List to the Defendants within three (3) days of the Court's decision to not issue the Final Order.

3.      **SETTLEMENT TERMS**

3.1     **Funding.** Within fifteen (30) days after the Effective Date, Defendants shall fund the total sum owed to the Class Claimants and Named Plaintiffs, Court-approved service awards, Court-Approved attorneys' fees and costs, and any other amounts owed under this Agreement. Under no circumstances shall Defendants be required to fund more than $170,000.

(A)     Within 30 days after the Effective Date, Defendants shall (1) mail Settlement Checks to all Authorized Claimants in the amount calculated by the Claims Administrator and approved by Plaintiffs' Counsel, (2) mail or hand deliver the Service Awards to Plaintiffs' Counsel, (3) mail, wire, or hand deliver the Court-approved attorneys' fees, costs, and expenses to Leeds Brown Law, P.C. at 1 Old Country Road, Suite 347, Carle Place, New York, 11514, and (4) distribute any other amounts to the appropriate individuals or entities as prescribed by the Approval Order or this Agreement.

(B)     Within 15 days of mailing the Settlement Checks to Authorized Claimants, Defendants shall provide Plaintiffs' Counsel with a copy of all checks and the address to which they were mailed, along with a copy of all tax-related documents for Authorized Claimants.

(C)     Settlement Checks not cashed within 180 days will be void and funds shall remain with Defendants. Sixty days after the Settlement Checks are issued, Defendants shall provide Class Counsel with the names of all individuals who are Class Claimants but have not cashed their Settlement Checks.  The Settlement Claims Administrator shall send one reminder to the Class Claimant notifying him or her of the matter.

3.2     **Settlement Fund Computation and Allocations.**  Individual Claimant's share of the Settlement Fund shall be computed as follows:

(A)     <u>Class Claimants.</u>  Class Members who become Class Claimants shall be entitled to receive a portion of the Gross Settlement Fund based on their weeks worked.



Class Claimants shall be divided into three categories for the purposes of calculations, as detailed below:

> Subclass 1: Front of the House ("FOH") workers, including waiters, servers, bartenders, bussers, runners, and other positions that customarily receive tips. Each FOH Authorized Claimant will receive $25.00 per week for each week worked during the Relevant Period.

> Subclass 2: Back of the House ("BOH") workers, including chefs, cooks, dishwashers, and other positions that customarily do not receive tips. Each BOH Authorized Claimant will receive $36.25 per week for each week worked during the Relevant Period.

> Subclass 3: Class Members who performed work from January 1, 2014 to date of Preliminary Approval Order shall only be entitled to collect a flat rate of $50, in consideration for a release of FLSA and State Law Claims and Release Class Claims.

(B)    The Class Claimants are being paid consideration for their release of claims against the Defendants and not any unpaid wages. Therefore, the money received pursuant to this Agreement shall be reported as 1099 income and not as W-2 income.

(C)    To the extent that Authorized Claimants' total share, combined with professional costs and fees would result in Defendants' obligation to fund an amount higher than the Termination Amount of $170,000.00, Plaintiffs' counsel shall "cram down" the settlement to the Termination Amount, either by: (i) reducing the amount of they are seeking in professional expenses; (ii) reducing pro rata the settlement allocation to each individual Authorized Claimant; or, (iii) a combination of both (i) and (ii). Plaintiffs' counsel shall, in their sole discretion, decide the method of cramming said number down to ensure that in any event, the total payment for professional expenses and payments to Authorized Claimants does not exceed the $170,000.00 Settlement Fund Account.

(D)    <u>Service Awards</u>. Class Counsel shall seek Court Approval of the payment of a Service Awards in total of $7,500.00 for Named Plaintiffs and Opt-in Plaintiffs, in consideration for work performed on behalf of the Class, including by providing sworn statements in support of Plaintiffs' motions and providing information to Plaintiffs' counsel regarding the claims or defenses associated with the Litigations. Defendants may not oppose or comment on this application. The substance of Plaintiffs' application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's Final Approval.



(E)     <u>Maximum Payment</u>.  The Parties expressly acknowledge that Defendants shall not be required to pay more than the Settlement Fund of $170,000 to the Named Plaintiffs, Class Claimants, Class Counsel, or to anyone else in this Settlement regardless of the aggregate amount of Claims that are filed.

**3.3     Professional Fees, Costs and Expenses.**  At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees, costs and expenses not to exceed $100,000 of the Settlement Fund, which includes reimbursement of a portion of their actual litigation expenses and costs, and the Service Awards will therefore reduce the Settlement Fund by the amount approved by the Court. These fees shall come out of the Settlement Fund Account, within the limits provided for herein. Defendants may not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

**3.4     Default.**  In the event any payment under this Agreement, including Section 3.1, is not made when due, Class Counsel or their authorized agent shall deliver a written notice of such default addressed to Defense Counsel by email and hand delivery.  Such default may be cured by making payment then due to the Claims Administrator or directly to Class Counsel within ten (10) days of receipt of the notice of default.  Should Defendants fail to cure the default, Class Counsel shall apply to the Court to enforce the Settlement Agreement and shall be entitled to reasonable costs, fees, and expenses of such application.

**4.      RELEASE**

**4.1     Release of Claims.**

(A)     The payments described above shall be in settlement of and discharge any obligations of Defendants for compensation, attorneys' fees, costs, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of the Class Counsel and/or Class Members, including any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. Plaintiffs, on behalf of the Class and each individual member of the Class, agree that they will not commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person, asserting claims arising against Defendants for any New York, federal, or local compensation or benefits, rights, demands, liabilities or causes of action of every nature and description, whether known or unknown, asserted or un-asserted, arising from or relating to the facts, events, circumstances alleged in this Litigation to the fullest extent permitted under applicable law, including statutory (including claims under the New York Labor Law and/or Fair Labor Standards Act), constitutional, contractual, or common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief or other relief.



(A)     All Class Members , hereby release Defendants from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of all claims relating to any applicable federal, state, or local wage and hour law (collectively, the "Settled Claims"), arising within the Recovery Period.  This release includes, but is not limited to, claims under the New York Labor Law, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked or the payment of wages, including the Fair Labor Standards Act.  This release further extends to all claims, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, actions, or causes of action of every type and description, of whatever kind or nature, whether known or unknown, that were alleged or could have been alleged in the Litigation, that relate to the Settled Claims, including without limitation the Fair Labor Standards Act.  By operation of the entry of the Final Order, and except as to such rights or claims as may be specifically created by this Agreement, each individual Class Claimant, and the Named Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, assigns, estates, representatives, subsidiaries, affiliates, and agents forever and fully releases and discharges Released Entities from all Release Class Claims, including but not limited to State Law Claims and FLSA Claims.

(B)     By operation of the entry of the Final Order, and except as to such rights or claims as may be specifically created by this Agreement, each Class Member who does not timely opt-out pursuant to this Agreement, on behalf of themselves, their heirs, executors, administrators, successors, assigns, estates, representatives, subsidiaries, affiliates, and agents forever and fully releases and discharges Released Entities from all Release Class Claims, including but not limited to State Law Claims.

(C)     To the extent authorized by the Court, the Final Order and Judgment shall bind, and have *res judicata* effect to all Class Members who do not opt-out pursuant to the Agreement.  The Parties agree to request that the Court include in its Final Order: "The entire case is dismissed on the merits and with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.  The Final Order and Judgment binds and has *res judicata* effect to all Class Members who did not opt-out pursuant to the Settlement Agreement."

(D)     Unless a Named Plaintiff opts-out of this settlement pursuant to the terms of this Agreement, then by operation of the entry of the Final Order, and except as to such rights or claims as may be created by this Agreement, regardless of whether the Named Plaintiff timely submits a Claim Form, the Named Plaintiff forever and fully release and discharge Released Entities from all Released Class Claims as well as any other claim of any kind under federal, state, or local law based on events that place from the beginning of time through the Effective Date.

(E)     Upon the issuing of the Final Order, Defendants fully release and discharge Named Plaintiffs, Class Members, Authorized Claimants from any and all claims relating to or arising out of the prosecution and settlement of the Action, whether known or unknown. Named Plaintiffs, Class Claimants, releases and discharges Defendants

from any and all claims relating to or arising out of the prosecution and settlement of the Action, whether known or unknown. In the event that the Court rejects any provision of this subsection, the entire section shall be valid only to the extent that is the releases are mutual between all Parties.

(F)   **No Assignment.**  Each individual Class Member represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the FLSA Action and/or the NYLL Action, or any related action.

(G)   **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Named Plaintiffs and/or the Class Members, individually or collectively, all such liability being expressly denied.  Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement.   Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Named Plaintiffs and the Class. Settlement of the FLSA Action and/or the NYLL Action, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the FLSA Action and/or NYLL Action; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

(H)   Except as provided in this Agreement, upon payment of the Fee Award approved by the Court, the Named Plaintiffs, Class Claimants, and Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Released Entities for attorneys' fees, expenses and costs associated with Class Counsel's representation of the Class. Class Counsel further understands and agrees that any fee payments approved by the Court shall be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the FLSA Action and/or the NYLL Action.

(I)   If, after the Court issues the Final Order, any Class Member who has not opted-out of this Agreement commences an action against the Defendants relating to any Release Class Claims, State Law Claims and/or FLSA Claims, the Defendants shall be entitled to make an application for attorneys' fees and costs associated with any defense of the new action filed by the Class Member.

17



(J)     Plaintiffs and Plaintiffs' Counsel agrees that they will not issue any press release, respond to any press inquiries, or make any public communications regarding the settlement without written consent of Defendants' Counsel. Nothing in this Section shall be construed to limit Plaintiffs' Counsel's ability to respond to inquiries from Class Members, Opt-in Plaintiffs, or Plaintiffs or from effectuating Court-approved Notice in the means and method approved by the Court. Nothing in this Section shall be construed to limit access for any Class Member to the information reasonable and necessary for him or her to make an informed and accurate decision about their participation in the proposed Settlement.

## 5.     TERMINATION OF AGREEMENT

### 5.1    Grounds and Procedure for Settlement Termination.

(A)     **Opt-out Provision.** Defendants have the right to terminate this Agreement only if: (i) greater than five percent (5%) of the individuals on the Class List submit an Opt-out Statement; or (ii) if individuals with respect to greater than five percent (5%) of the total payroll for the Class during the Settlement Period submit an Opt-out Statement, whichever is less. The opt-out Plaintiffs that are Class Members shall be required to commence a new action within forty five (45) days of the Bar Date or their new action shall not be deemed to relate back to the filing of the Complaint in this Action.

(B)     Termination of this Agreement shall be accomplished by email or facsimile transmitted to the non-terminating Party at least five (5) calendar days prior to the scheduled Fairness Hearing to Defendants' Counsel or Class Counsel.

### 5.2    Effect of Termination. Termination shall have the following effects;

(A)     In the event this Agreement is terminated, subject to the provisions of Section 5.1(A), the Parties will continue with the litigation as of the date of this Agreement with all rights and defenses intact as if no agreement had occurred.

(B)     Defendants shall have no obligation to make any payments to any Party, Class Member, Authorized Claimant, Class Counsel or otherwise.

(C)     The Parties shall advise the Court of the termination, and shall apply to the Court to have a single approved notice mailed to Class Members advising them of the termination. If approved by the Court, then the Settlement Claims Administrator shall provide a Court-approved notice to Class Members and any Authorized Claimants that the Agreement did not receive First Approval and that, as a result, no payments will be made to Class Members to Authorized Claimants under this Agreement. Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail.

18



(D)     If settlement is terminated, Defendants retain the right to: (1) contest the merits of the claims being asserted in the Action; and (2) oppose contentions by the Named Plaintiff and Class Members and raise all other rights and/or defenses.

(E)     If this settlement is not consummated for any reason, including: (1) a termination under this Agreement; (2) a ruling by the Court declining to enter a Preliminary Approval Order or Final Order substantially in the form submitted by the Parties (including a reversal and/or modification on appeal of the Court's Preliminary Approval Order or Final Order); or (3) for any other reason not presently contemplated, then the Parties shall continue to litigate the Action as if there was no Agreement.

(F)     By operation of entry of the Final Order and payment of the Final Settlement Amount to the Settlement Claims Administrator, all Released Authorized Claims and Released Class Claims shall be deemed forever and fully released, discharged, and merged into this Agreement.

## 6.      INTERPRETATION AND ENFORCEMENT

**6.1     Cooperation Between the Parties; Further Acts**.   The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**6.2     Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**6.3     Binding Effect.**   This Agreement is a binding agreement and contains all material agreed-upon terms.

**6.4     Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**6.5     Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**6.6     Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.



19

**6.7     Voidable Provisions.**  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**6.8     Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**6.9     Continuing Jurisdiction.**  The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**6.10    Waivers, Modification or Amendment**.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**6.11    When Agreement Becomes Effective; Counterparts**.  This Agreement shall become effective upon its full execution and final approval by the Court.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**6.12    Notice.** All other notices and documents set forth herein shall be delivered to counsel for Defendants, Austin Graff, Esq., The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, New York 11514; (516) 746-5040; facsimile (516) 747-9100, agraff@scherlawfirm.com; and Class Counsel Virginia & Ambinder, LLP, 40 Broad St., 7th Floor, New York, NY 10016, and Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514

**6.13**    The Recitals and Background Clauses are made an integral part of this Agreement.

**6.14    Signatures.**  This Agreement is valid and binding if signed by the Parties' authorized representatives.

**6.15    Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.  This Agreement may be executed in counterparts.



AGREED:

**On behalf of Defendants, individually and on behalf of the corporations:**

_____                    Dated: _11-20-16_
Martin Picone

_____                    Dated: _11-20-16_
Michael Guinnane

**On behalf of Plaintiffs and Class:**

_____                    Dated: _____
Michael Spagnuoli

_____                    Dated: _____
Joseph Veselak

_____                    Dated: _____
Jeffrey Brown, Esq., as Class Counsel

_____                    Dated: _____
Lloyd Ambinder, Esq., as Class Counsel

AGREED:

On behalf of Defendants, individually and on behalf of the corporations:

_____     Dated: _11-20-16_
Martin Picone

_____     Dated: _11-20-16_
Michael Guinmane

On behalf of Plaintiffs and Class:

_____     Dated: _11/23/16_
Michael Spagnuoli

_____     Dated: _11/23/16_
Joseph Veselak

_____     Dated: _11/23/16_
Jeffrey Brown, Esq., as Class Counsel

_____     Dated: _____
Lloyd Ambinder, Esq., as Class Counsel

21