UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SPAGNUOLI, KELLIE SHEA, and JOSEPH VESELAK, individually and on behalf of other persons similarly situated who were employed,<br><br>                              Plaintiffs,<br><br>              -against-<br><br>LOUIE'S SEAFOOD RESTAURANT, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LCC, and/or MARTIN PICONE and MICHAEL GUINNANE,<br><br>                              Defendant. | 13-CV-4907 (JMA)(ARL) |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO:    All present and former persons employed by Defendants at the restaurant commonly known as Louie's Oyster Bar & Grille at any time between September 4, 2007 through [the date the Court approves this Agreement in the FLSA Action]. Subclass 1 includes Front of the House ("FOH") workers, including waiters, servers, bartenders, bussers, runners, and other positions that customarily receive tips. Subclass 2 includes Back of the House ("BOH") workers, including hosts/hostesses, chefs, cooks, dishwashers, and other positions that customarily do not receive tips. Subclass 3 includes Class Members who performed work from Sept. 4, 2007 to [date of Preliminary Approval Order] (the "Relevant Period"). Corporate officers, shareholders, director, administrative employees, and other customarily exempt employees are not part of the defined class.

## YOUR LEGAL RIGHTS AND OPTIONS:

| | |
|---|---|
| **Option 1:**<br>**PARTICIPATE** | If you want to participate in the settlement and collect money, then send a completed Claim Form and Release to the Settlement Claims Administrator that must be post-marked by _____**2017** to one of the following:<br><br>Mail:<br>Fax:<br>Email:<br>Website: |

| | |
|---|---|
| **Option 2:** **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit, then you must follow the directions outlined in response to question 7 below, including by alerting the Court that you want to opt-out of the settlement. You will not collect any money under the settlement, in this scenario, and you will not be bound to its final resolution. |
| **Option 3:** **OBJECT** | Objecting means letting the court know that you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under Federal and New York State Law unless you submit a valid and timely request for exclusion. |
| **Option 4:** **DO NOTHING** | If you do nothing, your claims under the New York State Labor Law will be released, and your federal claims pursuant to the Fair Labor Standards Act will be barred by the doctrine of *res judicata*. If you fail to act, you will be unable to recover any money from the Defendants. |

### PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a collective and class action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

### INTRODUCTION

Former waiters Joseph Veselak and Michael Spagnuoli filed a lawsuit in 2013 alleging claims for unpaid overtime compensation against Defendants Louie's Seafood Restaurant, LLC; Martin Picone, Michael Guinnane, and all other related entities (hereinafter as "Defendants"). The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is captioned as *Spagnuoli, et al. v. Louie's Seafood Restaurant, LLC, et al.,* under Docket Number 13-cv-4907 (JMA) (ARL). The individuals who filed the lawsuit are called the Named Plaintiffs. Named Plaintiffs allege in the lawsuit that, among other things, Defendant failed to pay them and other similarly situated service workers all overtime compensation for the hours worked over 40 in a workweek in violation of the Fair Labor Standards Act ("FLSA"). Named Plaintiffs later filed an action for unpaid tips and gratuities in New York State Court ("NYLL Action").

Plaintiffs and Defendants have agreed to settle the actions subject to the approval of the Court (depending on certain conditions set forth in the Settlement Agreement). Defendants have defended and have vigorously contested the claims in the Action. Defendants denys all material allegations in the Action, have asserted numerous defenses and further maintains that they have consistently acted in accordance with governing laws at all times. Defendants, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless have elected to settle the Action to avoid the expense, inconvenience and the distraction of litigation. The Court

has not decided who is right and who is wrong or whether this case could, in the absence of this Settlement, proceed as a class action.

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you were employed by Defendants at the restaurant commonly known as Louie's Oyster Bar & Grilled at any time between Sept. 4, 2007 through [the date the Court approves this Agreement in the FLSA Action].

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Judge Joan M. Azrack is the District Judge who is presiding over this collective and class action.

### 3. Why is there a settlement?

Class Counsel have analyzed and evaluated the merits of the claims made against the Defendants in the Litigation, had access to and reviewed payroll, contracts, and other pertinent data for Plaintiffs. Class Counsel and Defendants also participated in motion practice and extensive formal and informal discovery. In addition, both parties engaged in numerous and protracted settlement negotiations to arrive at the settlement described herein. Based upon their analysis and evaluation of this data, relevant law, the potential for a change in the law that might severely limit or terminate the ability of class members to recover for these alleged unpaid wages, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel has entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and other Class Members, such as yourself.

### 4.     Payment to Class

Class Members who become Class Claimants shall be entitled to receive a portion of the Gross Settlement Fund based on their week worked. Class Claimants shall be divided into three categories for the purposes of calculations, as detailed below:

> Subclass 1: Front of the House ("FOH") workers, including waiters, servers, bartenders, bussers, runners, and other positions that customarily receive tips. Each FOH Authorized Claimant will receive $25.00 per week for each week worked during the Relevant Period.
>
> Subclass 2: Back of the House ("BOH") workers, including hosts/hostesses, chefs, cooks, dishwashers, and other positions that customarily do not receive tips. Each BOH

> Authorized Claimant will receive $36.25 per week for each week worked during the Relevant Period.
>
> <u>Subclass 3:</u> Class Members who performed work from January 1, 2014 to [date of Preliminary Approval Order] shall only be entitled to collect a flat rate of $50, in consideration for a release of FLSA and State Law Claims and Release Class Claims.

The money received pursuant to this Agreement shall be reported as 1099 income and not as W-2 income.

**5.      Payment to Class Representatives**

The Settlement proposes that Class Counsel shall seek Court Approval of the payment of Service Awards in total of $7,500.00 for Named Plaintiffs and Opt-in Plaintiffs who took a lead role in this litigation and performed work on behalf of the Class, including providing sworn statements.

**6.      Procedures**

Before [BAR DATE], you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, which includes a <u>fully completed and signed W-9 Form</u> <u>with a bona fide Social Security Number ("SSN") or Tax Identification Number ("TIN")</u>. This is the only way to ensure that you will receive any proceeds from the settlement.

The Claim Form and Release must be mailed, faxed or emailed to the Settlement Claims Administrator on or before _____ (the "Bar Date").  If you mail the Claim Form and Release it must be post-marked by the _____ Bar Date.  If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

Mail:

Email:

Fax:

Website:

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release by the Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all claims as described in response to question numbered __ below.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendant and individuals and/or entities associated with the Defendant from all New York state wage and hour

claims, including those that have been asserted in the Complaint. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendant regarding alleged New York State or federal wage and hour violations, including the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

### 7. How Do I Exclude Myself From The Settlement?

If you do not wish to participate in this proposed settlement, but you want to keep the right to sue or continue to sue Defendant, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Claims Administrator stating "I opt out of the Louie's lawsuit" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be and mailed, fax or emailed to the Settlement Claims Administrator on or before the _____ Bar Date. If you mail the Claim Form and Release it must be post-marked by the _____ Bar Date and mailed to:

ADMINISTRATOR'S ADDRESS
Re: Louie's Seafood Litigation

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 8. If I don't exclude myself from the settlement, can I sue Defendant for the same thing later?

Unless you exclude yourself, you give up any rights to sue Defendant and individuals and/or entities associated with the Defendant for the federal Fair Labor Standards Act and New York State claims bought in this case or which could have been brought in this case, or in the future in the event there is a change in existing law. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____.

### 9. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

### 10. Do I have a lawyer in this case?

The law firms of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, www.vandallp.com and Leeds Brown Law, P.C., 1 Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550, www.leedsbrownlaw.com, have been designated as legal counsel to represent you and the other Class Members. These lawyers are

called Class Counsel.  You will not be charged separately for these lawyers.  Their fees are being paid from the total settlement fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.  How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $100,000 of the Settlement Fund established by Defendant for attorneys' fees, costs and expenses.  The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, motion practice, legislative research, investigating the facts, attending court conferences, participating in private mediation, and negotiating and overseeing the settlement.

### 12.  How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under federal and New York State law unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement of *Louie's Class Action.*  Your statement must include all reasons for the objection and any supporting documentation in your possession.  Your statement must also include your name, address, email address, and telephone numbers.

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. Your statement should be as detailed as possible otherwise the Court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection.  Mail the objection to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid at the address below.  Your objection will not be heard unless it is received by the Bar Date or mailed to the Settlement Claim Administrator via First Class United State Mail and post-marked by the _____ Bar Date.

ADMINISTRATOR'S ADDRESS<br>
RE: Louie's Class Action

The Settlement Claims Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

### 13.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a Fairness Hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the Fairness Hearing.

**14. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____ __.m. on_____, at the United States District Court for the Eastern District of New York, located at 100 Federal Plaza, Central Islip, New York 11722. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**15. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by writing or calling 888-499-6471 and asking to speak to someone with regards to the Louie's Seafood Lawsuit. You can also visit www.leedsbrownlaw.com or www.vandallp.com

# LOUIE'S SEAFOOD CLASS ACTION
# CLAIM FORM AND RELEASE INSTRUCTIONS

**DIRECTIONS**

In order to receive any portion of the settlement funds described in the Notice of Proposed Class Action Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Settlement Claims Administrator by mail, fax or e-mail on or before the **[BAR DATE]**, the Bar Date.

Send the Claim Form and Release to one of the following:
Mail:
Email:
Website:
Fax:

**CHANGES OF ADDRESS**

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

ADMINISTRATOR'S ADDRESS
RE: Louie's Seafood Class Action
[Email]
[Website]

**CLAIM FORM AND RELEASE**

*THIS FORM MUST BE FAXED, EMAILED OR POST-MARKED OR NO LATER THAN* **[BAR DATE]**.

| [To be pre-inserted by Claims Administrator:] | [To be provided by you:] |
|---|---|
| Name<br>Address<br>City, State Zip Code | Email: _____<br><br>Telephone: _____ |
| Total Weeks Worked:<br>_____ | Address Change, if any:<br><br>_____ |
| Estimated Distribution (pre-tax):<br>_____ | _____ |

I would like to participate in the proposed settlement of this action. I affirm that I performed work at Louie's Seafood Restaurant during the period Sept. 4, 2007 through [the date the Court approves this Agreement in the FLSA Action] as a Front of House worker, including waiters, servers, bartenders, bussers, runners, and other positions that customarily receive tips or a Back of House worker, including hosts/hostesses, chefs, cooks, dishwashers, and other positions that customarily do not receive tips and hereby assert a claim under New York Labor Law and/or the Fair Labor Standards Act.

I hereby designate the law firms of Virginia & Ambinder, LLP and Leeds Brown Law, P.C. to represent me in this action.

My signature below constitutes a full and complete release and discharge of Louie's Seafood Restaurant, LLC; Donovan's of Bayside LLC, Martin Picone, Michael Guinnane along with any other related corporate entities as well as present and former owners, stockholders, members, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them, and any person or entity related to any of the foregoing that could be deemed an "employer" and/or otherwise responsible under the protections provided to employees under all applicable Federal and New York State laws and regulations (collectively "Released Parties")  by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues that arise out of, relate to, or concern the allegations in the Action during the period of September 4, 2007 through the date the Court approves this Agreement, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been or might have been asserted in any court, tribunal or proceeding, against Released Parties, including but not limited to, statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, improper notice, spread of hours, unpaid gratuities, service charges, prevailing wage, living wage, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief.

This release includes any such claims under the federal Fair Labor Standards Act, New York State Labor Law and any other State or local law, including all wage and hour claims that were or could have been asserted in the FLSA Action or the NYLL Action under New York State Labor Law or federal Fair Labor Standards Act, whether by statute, regulation or case law by or on behalf of the Class Members, excluding Class Members who opt-out of the settlement. Released State Law Claims and Released Federal Law Claims include, but are not limited to, all claims under the federal Fair Labor Standards Act, New York State law, whether by statute, regulation or case law for unpaid overtime wages, unpaid minimum wage claims, unpaid gratuities claims, spread of hours, paystub violations, tip credit violations, and any other related state law wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims.

I agree to this release in exchange for my share of the Net Settlement Fund. I declare under penalty of perjury that the above information is correct.

_____        _____
Date                                  Signature


[**INSERT W-9 FORM HERE**]