UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SPAGNUOLI, KELLIE SHEA, and JOSEPH VESELAK, individually and on behalf of other persons similarly situated who were employed,<br><br>Plaintiffs,<br><br>-against-<br><br>LOUIE'S SEAFOOD RESTAURANT, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LLC, and/or MARTIN PICONE and MICHAEL GUINNANE,<br><br>Defendants. | Case No. 13-cv-4907 (JMA)(ARL) |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On 12/26/2016 ~~2017~~ counsel for the plaintiffs filed a motion for preliminary approval of a settlement of a certified class and collective action (the "Class" or "Plaintiffs"), to resolve this action against Louie's Seafood Restaurant, LLC ("Louie's"), Martin Picone ("Picone"), and Michael Guinnane ("Guinnane") (collectively referred to as "Defendants") together with Plaintiffs, (the "Parties"). The Court has considered the Stipulated Settlement and Release Agreement filed on 9/25/2017 (the "Agreement"), its attached exhibits, and the Declaration of Lloyd Ambinder ("Ambinder Decl."), and hereby finds and orders as follows:

I.  **Provisional Approval of Settlement**

1. Unless otherwise defined herein, all terms used in this order (the "Preliminary Approval Order") will have the same meaning as defined in the Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Agreement filed with the Court falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. N.Y. 2005); *Sanchez v. JMP Ventures,*

*L.L.C.*, 2015 U.S. Dist. LEXIS 16026, *12 (S.D.N.Y. Feb. 10, 2015).

3.  The Court finds that the Agreement is the result of extensive, arms'-length negotiations by counsel well versed in the prosecution of wage and hour class and collective actions.

4.  The Court grants the Plaintiffs' motion for preliminary approval of the Agreement.

**II. Notice**

5.  The Court approves Simpluris as the Settlement Claims Administrator to perform duties in accordance with the Agreement.

6.  The Court finds that the procedures for notifying the Rule 23 Class and FLSA Collective about the Settlement as described in the Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs publication of the Notices of Proposed Settlement of Class Action Lawsuit in accordance with the Agreement.

7.  The Court approves, as to form and content, the Court's Notice of Proposed Class Action Settlement (the "Notice") [ECF No. 104], and the Claim Form [ECF No. 100]. The Settlement Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Agreement, to the applicable Class Members and Authorized Claimants as provided in the Agreement.

8.  The Notice satisfies Federal Rule of Civil Procedure 23(c)(2)(B) and adequately puts Class Members on notice of the proposed settlement. *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Notice is appropriate because it describes the terms of the settlement, informs the classes about the potential allocation of attorney's fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Id.*; *see*

also *Willix*, 2010 WL 5509089, at*3-*4.

9. Any written objection to the settlement by a Class Member who has not opted-out must be received by the Settlement Claims Administrator within sixty (60) days from the mailing of the Notice and shall then be filed with this Court.

### III. Class Action Settlement Procedure

10. The Court hereby adopts the settlement approval process as set forth in the Agreement.

11. If the Effective Date as defined in the Stipulation does not occur, the Agreement shall be deemed null and void and shall have no effect whatsoever, except as otherwise provided or reasonably contemplated therein, including but not limited to the post-termination survival provisions set forth in the Agreement, which shall remain in effect.

12. Pending the Court's decision on final approval of the settlement and entry of the Court's Final Order, Plaintiffs, anyone acting on behalf of: (i) Plaintiffs, (ii) Current FLSA Opt-ins who do not withdraw their consents to join the Litigation, and (iii) Participating Claimants, shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue, or participate, on an individual or class or collective action basis, any action, claim or proceeding against Defendants, or the Releasees as defined in the Agreement, in any forum in which any of the claims subject to the settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

13. The Parties are ordered to carry out the settlement according to the terms of the Agreement.

14. The Court will conduct a hearing pursuant to Rule 23(e)(2) of the Federal Rules

of Civil Procedure on __2/12/__ 2018 at __5:15__ pm in Courtroom __920__, Long Island Courthouse, Central Islip, New York, (the "Fairness Hearing"), for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the settlement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and service awards to Plaintiffs, if appropriate; and (d) entering Judgment, if appropriate. The Fairness Hearing may be continued without further notice to Class Members. Class Counsel shall file the motions for attorneys' fees, litigation costs and expenses, and service awards prior to the mailing of the Notice and Claim to the Class. The Plaintiffs shall file their motion for final approval of the settlement fourteen (14) days prior to the final fairness hearing. Plaintiff's motion for final approval shall identify the number of (and settlements amount for) Class Members who filed Claim Forms, but have not yet obtained Social Security Numbers or Tax Identification Numbers. If any Class Members exclude themselves from the Settlement and reach a separate settlement agreement with defendants, defendants shall inform the Court of any such settlements.

15. Any supplemental submissions concerning attorney's fees shall also be filed fourteen (14) days prior to the final fairness hearing.

16. The following dates shall govern the schedule in this action:

| [20 days after the signing of this Order] Date: __10/20/__ 2017 | Defendants' Counsel will provide the Settlement Claims Administrator and Class Counsel with the Class Member mailing list in a Microsoft Excel file format ("Class List"). [Agreement 2.8 (A)] |
|---|---|

| | |
|---|---|
| [30 days after the signing of this Order]<br>Date: 10/30/2017 ~~2018~~ | Settlement Claims Administrator shall mail to all Class Members, via First Class United States Mail, the Court-approved Notices, the IRS W-4 and W-9 IRS tax forms, and Claim Forms. [2.6 (A)]<br>Class Counsel's motion for attorney's fees and the motion for a service award must be filed prior to the mailing of the Notice and Claim Form to the Class Members. |
| [60 days after date of mailing of Class Notice]<br>Date: 12/24/ 2017 ~~2018~~ | Last day for Class Members to submit written objections to the Settlement. [2.6(B)] |
| [Bar Date -- 60 days after date of mailing of Class Notice]<br>Date: 12/29/ 2017 ~~2018~~ | Last day for Class Members to "opt out" of the Settlement.[2.6 (B)] |
| [Bar Date -- 60 days after date of mailing of Class Notice]<br>Date: 12/29/ 2017 ~~2018~~ | Last day for Class Members to qualify as a Authorized Claimant by filing claim forms to join settlement. [2.6 (B)] |
| Date: 1/29/2018 | Settlement Claims Administrator shall provide: (a) a list of all Authorized Claimants, (b) a list of all Objectors, and (c) a list of all Class Members who timely submitted an Opt-out Statement. [2.9 (C)] |
| [No later than 14 days prior to Fairness Hearing Date]<br>Date: 1/29/2018 | Settlement Claims Administrator shall provide: (a) an updated list of all Authorized Claimants, (b) an updated list of all Objectors, and (c) an updated list of all Class Members who timely submitted an Opt-out Statement. [Agreement at 2.2 (B) 2.9(C)] |
| [30 days prior to the Fairness Hearing, Class]<br>Date: 1/13/2018 | Counsel or the Settlement Claims Administrator shall provide notice to Defendants' Counsel of the Final Settlement Amount, together with a Microsoft Excel file format that designates each Authorized Claimant, his/her allocated share, and the appropriate totals and calculations to confirm the Final Settlement Amount inclusive of professional costs and fees, settlement administration costs, and service awards |
| [20 days prior to the scheduled Fairness Hearing]<br>Date: 1/23/2018 | Last day for service of proposed papers in support of final settlement approval to Defendants for review and comment. |

| | |
|---|---|
| [14 days prior to the scheduled Fairness Hearing]<br><br>Date: 1/29/ 2018 | Last day for filing and service of papers in support of final settlement approval with the Court.<br><br>Any supplemental submissions concerning attorney's fees shall also be filed by this date. |
| Date: 2/12/ 2018 | Fairness Hearing |

**IT IS SO ORDERED.**

Dated: September 30, 2017
Central Islip, New York

SO ORDERED:

/s/ (JMA)
Joan M. Azrack, U.S.D.J.