UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL SPAGNUOLI and JOSEPH VESELAK, individually and on behalf of other persons similarly situated who were employed,

                      Plaintiffs,

-against-

LOUIE'S SEAFOOD RESTAURANT, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LLC, and/or MARTIN PICONE and MICHAEL GUINNANE,

                      Defendants

No.: 13-CV-4907 (JMA)(ARL)

---

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ.
IN SUPPORT OF PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT**

I, Michael A. Tompkins, declare as follows:

    1.    I am a senior associate in the firm of Leeds Brown Law, P.C. ("LBL") in Carle Place, New York, and Plaintiffs' counsel herein.

    2.    Along with lawyers from Virginia & Ambinder, LLP ("V&A") (together with LBL, "Class Counsel"), I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims in this action and am therefore fully familiar with the facts stated herein.

    3.    This declaration is submitted in support of Plaintiffs' unopposed motion for final approval of the proposed settlement as set forth in the Settlement Agreement and Release (hereinafter the "Agreement"). Specifically, Plaintiffs seek an order (1) approving the settlement as fair, reasonable, and adequate for both Rule 23 Class Members and FLSA Opt-ins, (2) binding

all Rule 23 Class Members who have not timely opted out to the Released State Law Claims as set forth in the Agreement, and (3) dismissing the litigation with prejudice.

4. Attached to this declaration is **Exhibit A**, which is a true and accurate copy of the Settlement Agreement.

## PROCEDURAL BACKGROUND

5. Before entering into the Agreement, Class Counsel conducted a thorough investigations of Plaintiffs' claims. We conducted legal research on the underlying merits, the likelihood of class certification, the likelihood of certification of the FLSA collective, the potential for obtaining liquidated damages and an extended FLSA statute of limitations, the proper measure of damages, and Defendants' affirmative defenses.

6. We, as Class Counsel, spoke to numerous individuals about their work experience with Defendants throughout drafting the complaint, preparing for motion practice, after obtaining conditional certification, while engaged in discovery, and while engaged in settlement discussions with Defendants.

7. The parties engaged in discovery during 2014, 2015, and 2016. Formal discovery included reviewing hundreds of pages of documents, namely pay, time, and catering related documents as well as numerous discussions with plaintiffs and Class Members and the review of documents and materials from Class Members. Plaintiffs responded to discovery requests from Defendants, and such responses included information from Opt-In Plaintiffs that elected to join this case via the mechanisms of § 216(b) of the FLSA.

8. Information and documents were exchanged during settlement negotiations.

9. Class Counsel spent time reviewing records to identify pay discrepancies, but also substantial time speaking to various Class Members about the tip and off-the-clock issues that arose during their employment with Defendants.

10. Ultimately, Class Counsel had obtained a substantive amount of information before agreeing to the Settlement, as it is proposed here.

11. Class Counsel also had the added benefit of speaking to Class Members while notice was being effectuated through the Settlement processes the Court authorized in its preliminary approval order. *See* Doc. No. 105.

## SETTLEMENT PROCEDURE AFTER PRELIMINARY APPROVAL

12. After obtaining preliminary approval, the parties retained a qualified Settlement Claims Administrator to effectuate notice and claim forms in accordance with this Court's directives.

13. The Settlement Claims Administrator, Simpluris Inc., provided the following information to the Parties, regarding the notice process (see the Declaration of Lindsay Kline, as **Exhibit B**):

   a. The Court-approved Notice and Claim Form and Release were distributed by first class mail on October 30, 2017 to 1,212 Class Members.

   b. A skip trace and remailing were performed for those returned as undeliverable.

   c. As of Jan. 29, 2018, a total of 144 claim forms were filed and approved by the parties, which is approximately 11.88% of Class Members.

   d. One class members elected to opt-out of the settlement.

   e. Zero objections were received from class members.

14. In or around early January 2018, the Settlement Claims Administrator provided an estimated final settlement amount and advised the parties that the Final Settlement Amount was going to exceed $170,000, if the allocated amounts were not reduced.

15. Pursuant to § 3.2(E) of the Agreement, Class Counsel agreed to reduce its attorney's fees and cost request from $100,000 to $60,000. Meanwhile, the Settlement Claims Administrator agreed to reduce its requested fees and costs to $15,000. By taking these reductions, this ensured that the Authorized Claimants would be allocated $87,500 for distribution from the Final Settlement Amount.

16. The Service Award request of $7,500 was not reduced.

17. As a result of this reduction, the Authorized Claimants would receive approximately 73.5% of what they were set to receive under the proposed agreement, and Defendants would fund the maximum amount that they agreed to fund $170,000 to resolve this matter.

18. To Class Counsel's knowledge, no individual Class Member has expressed dissatisfaction with the proposed resolution. And no Class Members have expressed any desire to appear at the Fairness Hearing, scheduled for Feb. 12, 2018.

## CERTIFICATION OF THE CLASS IS PROPER

19. To the best of Class Counsel's knowledge, there is no competing litigation commenced by any member of the class, aside from the other pending action in which the proposed resolution addresses, Veselak v. Louie's Seafood Rest. LLC, Index 603267/2015 (Sup. Ct. Nassau Cty.).

20. Class Counsel also meet the adequacy requirement as they are experienced litigators who have successfully represented classes in numerous class actions and have considerable employment law experience.

4

21. Examples of some of the class and collective actions in which Class Counsel has secured class-wide resolutions on behalf of workers includes: Grant v. Warner Music Group Corp., Case No. 13-CV-4449(PGG) (S.D.N.Y. March 11, 2016); Ojeda v. Viacom Inc., Case No. 13-cv-5658(GWG) (S.D.N.Y. Dec. 2, 2015) (obtaining final approval of the settlement on behalf of thousands of unpaid interns); Vitetta v. Siriux XM Radio Inc., Case No. 14-2926(VEC) (S.D.N.Y. Dec. 18, 2015); Arias v. Clear Channel Broadcasting, Inc., Case No. 14-CV-5088(SN) (S.D.N.Y. Feb. 2, 2016); Macaluso v. Woodbury International, Inc., Index No. 3216/2012 (Sup. Ct., Nassau Cty., Sept. 9, 2015); Chhab v. Montclair Hotels GCNY, LLC, Index No. 2358/2012 (Sup. Ct. Nassau Cty., July 14, 2015); Lopez v. Bethpage Associates, Index No. 003465/2012 (Sup. Ct. Nassau Cty. Aug. 22, 2015); Parada v. Westbury Manor Enterprises, Inc., Index No. (Sup. Ct. Nassau Cty., July 1, 2014); In re: Penthouse Executive Club Compensation Litigation, 10-CV-1145 (KMW) (S.D.N.Y. Jan. 14, 2014); Chavarria v. Crest Hollow Country Club at Woodbury, Inc., Index No. 017464/2011 (Sup. Ct. Nassau Cty., Comm. Div., Dec. 13, 2013); Khaimov v. JEM Caterers of Roslyn, LLC, Index No. 3215/2012 (Sup. Ct. Nassau Cty., Oct. 16, 2013); Ruiz v. Scotto's Smithtown Restaurant Corp., Index No. 600317/2010 (Sup. Ct. Nassau Cty., June 17, 2013); Toledo et al. v. DCJ Catering Corp., Index No. 600994/2011 (Sup. Ct. Nassau Cty., Dec. 13, 2013); McBeth v. Gabrielli Trucking, 09-CV-4112(LDW) (E.D.N.Y. 2011).

22. Numerous courts have approved Leeds Brown Law, P.C. and Virginia & Ambinder, LLP as class counsel. Examples include the following: McBeth v. Gabrielli Trucking, 09-CV-4112(LDW) (E.D.N.Y. 2011); Toro v. Executive Club, 10-cv-1545 (S.D.N.Y. Aug. 29, 2012); Williams v. Air Serv Corp., 108648/2010 (Sup. Ct. N.Y. Cty., April 19, 2013); Weinstein v. Jenny Craig Operations, Inc., 2011/105520 (Sup. Ct. N.Y. Cty., Oct. 24, 2013); Martin v. Restaurant Associates Events, 53700/2011 (Westchester Cty. Sup. Ct. Oct. 16, 2014), Ruiz v. Scotto's

Smithtown Restaurant Corp., 600317/2010 (Nassau Cty. Sup. Ct. April 2, 2013), Lopez v. Bethpage Associates, Index No. 003465/2012 (Sup. Ct. Nassau Cty. Aug. 22, 2015) (J. Janowitz); Parada v. Westbury Manor Enterprises, Inc., Index No.  (Sup. Ct. Nassau Cty., July 1, 2014) (J. DeStefano); Chavarria v. Crest Hollow Country Club at Woodbury, Inc., Index No. 017464/2011 (Sup. Ct. Nassau Cty., Comm. Div., Dec. 13, 2013).

## FAIR AND REASONABLE SETTLEMENT

23. Based on our experience, the proposed resolution is fair and reasonable to all Class Members, given the risks, claims, and defenses associated with this action. Our firm, along with Virginia & Ambinder, LLP, as co-counsel, believes the proposed resolution should be approved by the Court.


Dated: Carle Place, New York
       Jan. 29, 2018

                                                        LEEDS BROWN LAW, P.C.

                                                        _____/s/_____
                                                        Michael A. Tompkins, Esq.
                                                        1 Old Country Road, Suite 347
                                                        Carle Place, New York 11514
                                                        mtompkins@leedsbrownlaw.com
                                                        516.873.9550