Brett Cohen
Michael Tompkins
Maria Pellegrini
**LEEDS BROWN LAW, PC**
1 Old Country Rd., Ste., 347
Carle Place, NY 11514

Lloyd Ambinder
**VIRGINIA & AMBINDER, LLP**
40 Broad St., FL 7
New York, NY 10004

*Attorneys for Plaintiff and the Class*

Austin Graff
**THE SCHER LAW FIRM, LLP**
1 Old Country Rd., Ste., 835
Carl Place, NY 11514

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL SPAGNUOLI and JOSEPH VESELAK, individually and on behalf of other persons similarly situated who were employed,<br><br>        Plaintiff,<br><br>      against<br><br>LOUIE'S SEAFOOD RESTAURANT, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LLC, and/or MARTIN PICONE and MICHAEL GUINNANE,<br><br>        Defendants. | Case No.  13-cv-4907<br><br>Hon. Joan M. Azrack<br><br>**CLASS ACTION**<br><br>**DECLARATION OF LINDSAY KLINE REGARDING NOTICE AND SETTLEMENT ADMINISTRATION** |

## DECLARATION OF LINDSAY KLINE

I, LINDSAY KLINE, hereby declare:

1.      I am employed as a Case Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action.  Our Corporate Office address is 3194-CAirport Loop Dr., Costa Mesa, CA 92626. My telephone number is (714) 640-5635.  I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself.

2.      Simpluris is a Class Action Settlement Administration company located in Costa Mesa, California. It was founded by individuals who have each managed hundreds of settlements, along with professionals in the areas of Software Development, Third-Party Claims Administration, Mail-House Operations, and Call Center Support Management.

3.      Simpluris was approved by Counsel for Michael Spagnuoli and Joseph Veselak ("Plaintiffs"), and Louie's Seafood Restaurant, LLC ("Defendant"), (collectively the "Parties"), to provide settlement administration services in the *Spagnuoli, et al v. Louie's Seafood Restaurant, LLC, et al,* case ("Settlement").   In this capacity, Simpluris was charged with (a) establishing and maintaining a related settlement fund account; (b) establishing and maintaining a calendar of administrative deadlines and responsibilities; (c) processing and mailing payments to the Plaintiffs, Class Counsel and Claimants; (d) printing and mailing the Notice of Proposed Class Action Settlement and the Claim Form to Class Members; (e) receiving and validating Claim Forms submitted by Class Members (f) receiving and validating Requests for Exclusion, Objections or Disputes of Work Weeks submitted by Class Members; (g) calculating Employer Payroll Taxes and providing appropriate forms and calculations to Defendant; (h) mailing settlement checks, and (i) other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

## TOLL FREE TELEPHONE HELPLINE

4.      A toll-free telephone number was included in the Class Notice for the purpose of allowing the Class Members to call Simpluris and to make inquiries regarding the Settlement. The system is accessible in English and Spanish 24 hours a day, 7 days a week, and will remain in operation

throughout the settlement process. Callers have the option to speak with a live call center representative during normal business hours or to leave a message and receive a return call during non-business hours. Spanish-speaking representatives are available during normal business hours. The toll-free telephone number included in the Notice of Proposed Class Action Settlement was (888) 369-6080 and was live on October 20, 2017.

### NOTIFICATION TO THE CLASS

5.       On October 24, 2017, Simpluris received the Court-approved Notice of Proposed Class Action Settlement and the Claim Form (hereafter "Notice Packet"). The Notice Packet advised Class Members of their right to submit a claim, request exclusion from the Settlement, object to the Settlement, do nothing, and the implications of each such action. The Notice Packet advised Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Class Members could obtain additional information.

6.       On October 20, 2017, Counsel for Defendant provided Simpluris with a mailing list ("Class List") containing Class Members' names, most recent mailing address and pertinent employment information for each Class Member during the Class Period. The Class List contained data for one thousand two hundred and twelve (1,212) Class Members.

7.       The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice Packets.

8.       On October 30, 2017, Notice Packets were mailed to one thousand two hundred and twelve (1,212) Class Members with addresses contained in the Class List via First Class mail or updated via the NCOA search. A copy of the Notice Packet is attached hereto as **Exhibit A**.

9.       If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of

these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name and previous address to locate a current address. Through the advanced address searches, Simpluris was able to locate one hundred and thirty five (135) updated addresses and Simpluris promptly mailed Notice Packets to those updated addresses. Ultimately, there were one hundred and one (101) Notice Packets that were undeliverable.

## CLAIMS AND CLAIMANT AWARDS

10. As of this date, there are one hundred and forty four (144) Class Members who submitted a valid Claim Form, for a response rate of 11.88%. These Claimants will be paid their portion of the Net Settlement Fund.

11. The Net Settlement Fund of $87,500.00 available to pay Claimants was determined by subtracting the Class Counsel's Fees and Costs ($60,000.00), Named Plaintiff Service Award ($7,500.00), and the Administration Costs ($15,000.00) from the Maximum Settlement Amount ($170,000).

12. As of this date, $87,500.00 of the Net Settlement Fund will be disbursed. The *average estimated payment* is $838.24 and the *highest estimated payment* is $7,150.00. The *average adjusted payment* is $616.20 and the *highest adjusted payment* is $5,256.03.

## REQUESTS FOR EXCLUSION, OBJECTIONS AND DISPUTES

13. As of this date Simpluris has received one (1) Requests for Exclusion from a Class Member.

14. As of this date, Simpluris has not received any Objections to the Settlement from Class Members.

15. As of this date, Simpluris has not received any Disputes of Work Weeks from Class Members.

**ADMINISTRATION COSTS**

15.     Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, are $15,000.00.  Simpluris' work in connection with this matter will continue with the calculation of the settlement checks, issuance and mailing of those settlement checks, etc., and to do the necessary tax reporting on such payments.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 29th day of January, 2018, in Costa Mesa, CA.

_____

Lindsay Kline

DECLARATION OF LINDSAY KLINE REGARDING NOTICE AND SETTLEMENT ADMINISTRATION

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SPAGNUOLI, KELLIE SHEA, and JOSEPH VESELAK, individually and on behalf of other persons similarly situated who were employed,<br><br>Plaintiffs,<br><br>-against-<br><br>LOUIE'S SEAFOOD RESTAURANT, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LCC, and/or MARTIN PICONE and MICHAEL GUINNANE,<br><br>Defendant. | 13-CV-4907(JMA)(ARL) |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: All present and former persons employed by Defendants at the restaurant commonly known as Louie's Oyster Bar & Grille at any time between September 4, 2007 through September 30, 2017. Subclass 1 includes Front of the House ("FOH") workers, including waiters, servers, bartenders, bussers, runners, and other positions that customarily receive tips. Subclass 2 includes Back of the House ("BOH") workers, including hosts/hostesses, chefs, cooks, dishwashers, and other positions that customarily do not receive tips. Subclass 3 includes Class Members who performed work from Sept. 4, 2007 to September 30, 2017 (the "Relevant Period"). Corporate officers, shareholders, director, administrative employees, and other customarily exempt employees are not part of the defined class.

### YOUR LEGAL RIGHTS AND OPTIONS:

| | |
|---|---|
| **Option 1: PARTICIPATE** | If you want to participate in the settlement and collect money, then send a completed Claim Form and Release to the Settlement Claims Administrator that must be post-marked by **December 29, 2017** to one of the following:<br>Re: Louie's Seafood Litigation<br>c/o Simpluris, Inc<br>P.O. Box 26170<br>Santa Ana, CA 92799<br>Telephone: (888) 369-6080<br>Fax: (714) 824-8591<br>Email: SeafoodLitigation@simpluris.com |
| **Option 2: EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit, then you must follow the directions outlined in response to question 7 below, including by alerting the Court that you want to opt-out of the settlement. You will not collect any money under the settlement, in this scenario, and you will not be bound to its final resolution. |

| **Option 3: OBJECT** | Objecting means letting the court know that you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under Federal and New York State Law unless you submit a valid and timely request for exclusion. |
|---|---|
| **Option 4: DO NOTHING** | If you do nothing, your claims under the New York State Labor Law will be released, and your federal claims pursuant to the Fair Labor Standards Act will be barred by the doctrine of *res judicata*. If you fail to act, you will be unable to recover any money from the Defendants. |

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a collective and class action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

## INTRODUCTION

Former waiters Joseph Veselak and Michael Spagnuoli filed a lawsuit in 2013 alleging claims for unpaid overtime compensation against Defendants Louie's Seafood Restaurant, LLC; Martin Picone, Michael Guinnane, and all other related entities (hereinafter as "Defendants"). The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is captioned as *Spagnuoli, et al. v. Louie's Seafood Restaurant, LLC, et al.,* under Docket Number 13-cv-4907 (JMA) (ARL). The individuals who filed the lawsuit are called the Named Plaintiffs. Named Plaintiffs allege in the lawsuit that, among other things, Defendant failed to pay them and other similarly situated service workers all overtime compensation for the hours worked over 40 in a workweek in violation of the Fair Labor Standards Act ("FLSA"). Named Plaintiffs later filed an action for unpaid tips and gratuities in New York State Court ("NYLL Action").

Plaintiffs and Defendants have agreed to settle the actions subject to the approval of the Court (depending on certain conditions set forth in the Settlement Agreement). Defendants have defended and have vigorously contested the claims in the Action. Defendants denies all material allegations in the Action, have asserted numerous defenses and further maintains that they have consistently acted in accordance with governing laws at all times. Defendants, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless have elected to settle the Action to avoid the expense, inconvenience and the distraction of litigation. The Court has not decided who is right and who is wrong or whether this case could, in the absence of this Settlement, proceed as a class action.

## 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you were employed by Defendants at the restaurant commonly known as Louie's Oyster Bar & Grilled at any time between September 4, 2007 through September 30, 2017.

## 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Judge Joan M. Azrack is the District Judge who is presiding over this collective and class action.

## 3. Why is there a settlement?

Class Counsel have analyzed and evaluated the merits of the claims made against the Defendants in the Litigation, had access to and reviewed payroll, contracts, and other pertinent data for Plaintiffs. Class Counsel and Defendants also participated in motion practice and extensive formal and informal discovery. In addition, both parties engaged in numerous and protracted settlement negotiations to arrive at the settlement described herein. Based upon their analysis and evaluation of this data, relevant law, the potential for a change in the law that might severely limit or terminate the ability of class members to recover for these alleged unpaid wages, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel has entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and other Class Members, such as yourself.

## 4. Payment to Class

Class Members who become Class Claimants shall be entitled to receive a portion of the Gross Settlement Fund based on their week worked. Class Claimants shall be divided into three categories for the purposes of calculations, as detailed below:

> Subclass 1: Front of the House ("FOH") workers, including waiters, servers, bartenders, bussers, runners, and other positions that customarily receive tips. Each FOH Authorized Claimant will receive $25.00 per week for each week worked during the Relevant Period.

> Subclass 2: Back of the House ("BOH") workers, including hosts/hostesses, chefs, cooks, dishwashers, and other positions that customarily do not receive tips. Each BOH Authorized Claimant will receive $36.25 per week for each week worked during the Relevant Period.

> Subclass 3: Class Members who performed work from January 1, 2014 to September 30, 2017 shall only be entitled to collect a flat rate of $50, in consideration for a release of FLSA and State Law Claims and Release Class Claims.

The money received pursuant to this Agreement shall be reported as 1099 income and not as W-2 income. The amount of your allocation may be reduced by the Court depending upon the number of claims filed. If the total number of claims filed is greater than anticipated, the Court may decide to reduce individual allocations and/or the amount approved for attorney's fees and costs. In any event the Court retains ultimate authority to decide how the $170,000.00 is allocated.

## 5. Payment to Class Representatives

The Settlement proposes that Class Counsel shall seek Court Approval of the payment of Service Awards in total of $7,500.00 for Named Plaintiffs and Opt-in Plaintiffs who took a lead role in this litigation and performed work on behalf of the Class, including providing sworn statements.

## 6. Procedures

Before December 29, 2017, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, which includes a <u>fully completed and signed W- 9 Form with a bona fide Social Security Number ("SSN") or Tax Identification Number ("TIN").</u> This is the only way to ensure that you will receive any proceeds from the settlement.

You may participate in this settlement even if you were an undocumented alien at any time between September 4, 2007 and today. You will be required complete an IRS W-9 tax form to receive the settlement check. You will need

to furnish a proper Social Security Number (SSN) or Tax Identification Number (TIN) to get your settlement payment. A Taxpayer Identification Number is a tax processing number only available for certain nonresident and resident aliens, their spouses, and dependents who cannot get a Social Security Number (SSN). To obtain an TIN, you must complete an IRS Form W-7, IRS Application for Individual Taxpayer Identification Number. Please contact Class Counsel (Question 15 below) if you require assistance obtaining or completing these forms.

The Claim Form and Release must be mailed, faxed or emailed to the Settlement Claims Administrator on or before December 29, 2017 (the "Bar Date"). If you mail the Claim Form and Release it must be post-marked by the December 29, 2017 Bar Date. If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

Re: Louie's Seafood Litigation
c/o Simpluris, Inc
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 369-6080
Fax: (714) 824-8591
Email: SeafoodLitigation@simpluris.com

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release by the Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all claims as described in response to question numbered 8 below.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendant and individuals and/or entities associated with the Defendant from all New York state wage and hour claims, including those that have been asserted in the Complaint. In addition, the Court's Order will result in your claims under the Fair Labor Standards Act to be barred based upon the doctrine of *res judicata*. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendant regarding alleged New York State or federal wage and hour violations, including the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

### 7. How Do I Exclude Myself From The Settlement?

If you do not wish to participate in this proposed settlement, but you want to keep the right to sue or continue to sue Defendant, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Claims Administrator stating "I opt out of the Louie's lawsuit" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be and mailed, fax or emailed to the Settlement Claims Administrator on or before the December 29, 2017 Bar Date. If you mail the Claim Form and Release it must be post-marked by the December 29, 2017 Bar Date and mailed to:

Re: Louie's Seafood Litigation
c/o Simpluris, Inc
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 369-6080
Fax: (714) 824-8591
Email: SeafoodLitigation@simpluris.com

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 8. If I don't exclude myself from the settlement, can I sue Defendant for the same thing later?

Unless you exclude yourself, you give up any rights to sue Defendant and individuals and/or entities associated with the Defendant for the federal Fair Labor Standards Act and New York State claims bought in this case or which could have been brought in this case, or in the future in the event there is a change in existing law. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is December 29, 2017.

### 9. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

### 10. Do I have a lawyer in this case?

The law firms of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, www.vandallp.comand Leeds Brown Law, P.C., 1 Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550, www.leedsbrownlaw.com, have been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $100,000 of the Settlement Fund established by Defendant for attorneys' fees, costs and expenses. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, motion practice, legislative research, investigating the facts, attending court conferences, participating in private mediation, and negotiating and overseeing the settlement. To the extent that the aggregate total due to the Named Plaintiffs, Class Claimants, Class Counsel, or to anyone else in this Settlement exceeds $170,000.00, the parties shall convene a meet and confer session to discussion resolution. The amount of professional fees and costs may be reduced by the Court depending upon the number of claims filed. The Court may decide to reduce individual allocations and/or the amount approved for attorneys fees and costs if the total number of claims filed is greater than anticipated. In any event the Court retains ultimate authority to decide how the $170,000.00 is allocated.

### 12. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under federal and New York State law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of *Louie's Class Action.* Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, email address, and telephone numbers.

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. Your statement should be as detailed as possible otherwise the Court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Mail the objection to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid at the address below. Your objection will not be heard unless it is received by the Bar Date or mailed to the Settlement Claim Administrator via First Class United States Mail and post-marked by the December 29, 2017 Bar Date.

Re: Louie's Seafood Litigation
c/o Simpluris, Inc
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 369-6080

The Settlement Claims Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "optout" of the settlement of the lawsuit.

## 13. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a Fairness Hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the Fairness Hearing.

## 14. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 5:15 p.m. on February 12, 2018, at the United States District Court for the Eastern District of New York, located at 100 Federal Plaza, Central Islip, New York 11722. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 15. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by writing or calling 888-499-6471 and asking to speak to someone with regards to the Louie's Seafood Lawsuit. You can also visit www.leedsbrownlaw.com or www.vandallp.com.

CORTE DE PRIMERA INSTANCIA DE LOS ESTADOS UNIDOS
DISTRITO ESTE DE NUEVA YORK

|  |  |
|---|---|
| MICHAEL SPAGNUOLI, KELLIE SHEA, y JOSEPH VESELAK, en forma individual y en nombre de otros empleados que se encuentren en una situación similar,<br><br>Demandantes,<br><br>-contra-<br><br>LOUIE'S SEAFOOD RESTAURANT, LLC o toda otra entidad afiliada, controlante o controlada por LOUIE'S SEAFOOD RESTAURANT, LCC o MARTIN PICONE y MICHAEL GUINNANE,<br><br>Demandados. | **13-CV-4907(JMA)(ARL)** |

## NOTIFICACIÓN DE ACUERDO DE ACCIÓN DE CLASE PROPUESTO

PARA: Todos los empleados y exempleados de los Demandados que hayan trabajado en el restaurante comúnmente conocido como Louie's Oyster Bar & Grille en cualquier momento entre el 4 de septiembre del 2007 y el 30 de septiembre del 2017. La Subclase 1 incluye a los trabajadores de salón ("FOH"), incluidos los camareros, los meseros, los cantineros, los ayudantes de camarero, los auxiliares y otros puestos que habitualmente reciben propinas. La Subclase 2 incluye a los trabajadores de cocina ("BOH"), incluidos los jefes de salón, los chefs, los cocineros, los lavaplatos y otros puestos que habitualmente no reciben propinas. La Subclase 3 incluye a los Miembros de la Clase que realizaron trabajos entre el 4 de septiembre del 2007 y el 30 de septiembre del 2017 (el "Período Pertinente"). Los funcionarios corporativos, los accionistas, el director, los empleados administrativos y otros empleados que están habitualmente exentos no forman parte de la clase definida.

### SUS DERECHOS LEGALES Y OPCIONES:

| | |
|---|---|
| **Opción 1: PARTICIPAR** | Si desea participar en el acuerdo y cobrar una suma de dinero, entonces, envíe un Formulario de Demanda y Exoneración completado al Administrador de la Demanda del Acuerdo, con sello postal del **29 de diciembre del 2017**, como máximo, a la siguiente dirección:<br><br>Asunto: Litigio de Louie's Seafood<br>c/o Simpluris, Inc<br>P.O. Box 26170<br>Santa Ana, CA 92799<br>Teléfono: (888) 369-6080<br>Fax: (714) 824-8591<br>Correo electrónico: <u>SeafoodLitigation@simpluris.com</u> |
| **Opción 2: EXCLUIRSE** | Si desea excluirse del juicio, entonces, debe seguir las instrucciones descritas en respuesta a la pregunta 7 que figura más adelante, lo que incluye avisar a la Corte que desea excluirse del acuerdo. En este caso, no cobrará ninguna suma de dinero en virtud del acuerdo y no estará sujeto a su resolución definitiva. |

| Opción 3: OPONERSE | "Oponerse" significa hacerle saber a la corte que usted cree que el acuerdo es injusto o irrazonable. Si la Corte rechaza su oposición, usted seguirá estando sujeto a los términos del acuerdo por los reclamos en virtud de las leyes federales y estatales de Nueva York, a menos que presente una solicitud de exclusión válida y oportuna. |
| --- | --- |
| Opción 4: NO HACER NADA | Si no hace nada, sus reclamos en virtud de las leyes laborales del estado de Nueva York serán exonerados, y sus reclamos en virtud de la ley federal conforme a la Ley de Estándares Justos de Trabajo estarán prohibidos por la teoría legal de cosa juzgada. Si no hace nada, no podrá cobrar ninguna suma de dinero de los Demandados. |

## POR FAVOR, LEA ATENTAMENTE ESTA NOTIFICACIÓN

**La presente Notificación está relacionada con un acuerdo propuesto en la litigación de la acción de clase y colectiva. Ha sido autorizada por una corte federal. Contiene información importante sobre su derecho de participar en el acuerdo, realizar un reclamo de pago o elegir no ser incluido en la clase.**

## INTRODUCCIÓN

Los excamareros Joseph Veselak y Michael Spagnuoli iniciaron un juicio en 2013 en el que presentaron reclamos por remuneraciones de horas extra no pagadas contra los Demandados Louie's Seafood Restaurant, LLC; Martin Picone, Michael Guinnane y todas las demás entidades relacionadas (en adelante, "Demandados"). La Corte a cargo de este caso es la Corte Federal de Primera Instancia para el Distrito Este de Nueva York. El juicio está caratulado como *Spagnuoli, et al. v. Louie's Seafood Restaurant, LLC, et al.*, con número de expediente 13-cv-4907 (JMA) (ARL). Las personas que iniciaron el juicio se llaman Demandantes Principales. Los Demandantes Principales alegan en el juicio que, entre otras cosas, los Demandados no les pagaron ni a ellos ni a otros trabajadores de servicio en una situación similar la remuneración por las horas extra trabajadas en exceso de 40 en una semana laboral, en violación de la Ley de Estándares Laborales Justos ("FLSA"). Después, los Demandantes Principales iniciaron una acción por propinas y gratificaciones no pagadas en la Corte del Estado de Nueva York ("Acción conforme a la NYLL").

Los Demandantes y los Demandados han acordado resolver las acciones con arreglo a la homologación de la Corte (en función de ciertas condiciones establecidas en el Acuerdo). Los Demandados han defendido y han impugnado enérgicamente los reclamos en la Acción. Los Demandados niegan todos los argumentos materiales de la Acción, han afirmado numerosas defensas y, asimismo, sostienen que han actuado en consonancia con las leyes vigentes en todo momento. Los Demandados, si bien niegan haber cometido ilícito alguno, sin admitir responsabilidad alguna, han decidido resolver la Acción para evitar el gasto, la inconveniencia y la distracción del litigio. La Corte no ha decidido quién tiene la razón y quién está equivocado, ni si este caso podría, en ausencia de este Acuerdo, proceder como una acción de clase.

### 1. ¿Por qué recibí esta notificación?

Usted ha recibido esta notificación porque los registros de los Demandados indican que trabajó en el restaurante comúnmente conocido como Louie's Oyster Bar & Grilled en cualquier momento entre el 4 de septiembre del 2007 y el 30 de septiembre del 2017.

### 2. ¿Qué es una acción de clase?

Una acción de clase es un juicio en el que una o más personas demandan no solo por sí mismas, sino también por otras personas que tienen reclamos similares. Estas otras personas son conocidas como Miembros de la Clase. En una acción de clase, una corte resuelve el asunto para todos los Miembros de la Clase, excepto para aquellos que se excluyan de la Clase. Su Sría. Joan M. Azrack es el Juez de Primera Instancia que preside esta acción de clase y colectiva.

## 3. ¿Por qué hay un acuerdo?

Los Abogados de la Clase han analizado y evaluado el fondo de los reclamos realizados contra los Demandados en el Litigio, tuvieron acceso a la nómina, los contratos y otros datos pertinentes sobre los Demandantes, y los revisaron. Los Abogados de la Clase y los Demandados también presentaron solicitudes y realizaron una amplia recabación formal e informal de pruebas previa a la etapa oral (*discovery*). Asimismo, ambas partes participaron en numerosas y prolongadas negociaciones para llegar al acuerdo que se describe en el presente. En función de su análisis y su evaluación de estos datos, la ley pertinente, la posibilidad de cambio en la ley que pueda limitar gravemente o anular la capacidad de los miembros de la clase de cobrar estos presuntos salarios impagos y los riesgos sustanciales de la continuación de un litigio, incluida la posibilidad de que el litigio, de no resolverse ahora, no dé lugar a ningún tipo de cobro o queda pueda dar lugar a un cobro que sea menos favorable y que no tendría lugar hasta dentro de varios años, los Abogados de la Clase han celebrado el presente acuerdo propuesto. Los Abogados de la Clase están convencidos de que los términos y las condiciones de este Acuerdo son justos, razonables y adecuados, y de que este Acuerdo es en los mejores intereses de los Demandantes y los otros Miembros de la Clase, como usted.

## 4. Pagos a la Clase

Los Miembros de la Clase que se conviertan en Demandantes de la Clase tendrán derecho a recibir una parte del Fondo Bruto del Acuerdo en función de sus semanas trabajadas. Los Demandantes de la Clase se dividirán en tres categorías a los fines del cálculo, como se detalla a continuación:

> Subclase 1: Los trabajadores de salón ("FOH"), incluidos los camareros, los meseros, los cantineros, los ayudantes de camarero, los auxiliares y otros puestos que habitualmente reciben propinas. Cada Demandante Autorizado FOH recibirá $25.00 por cada semana trabajada durante el Período Pertinente.

> Subclase 2: Los trabajadores de cocina ("BOH"), incluidos los jefes de salón, los chefs, los cocineros, los lavaplatos y otros puestos que habitualmente no reciben propinas. Cada Demandante Autorizado BOH recibirá $36.25 por cada semana trabajada durante el Período Pertinente.

> Subclase 3: Los Miembros de la Clase que realizaron trabajos desde el 1 de enero del 2014 hasta el 30 de septiembre del 2017 solo tendrán derecho a cobrar una tarifa plana de $50, como contraprestación por la exoneración de los Reclamos conforme a la Ley Estatal y la FLSA, así como los Reclamos de la Clase de Exoneración.

El dinero recibido de conformidad con este Acuerdo se declarará como ingresos en el Formulario 1099 y no como ingresos del Formulario W-2. El importe de su asignación podrá ser reducido por la Corte, según la cantidad de reclamos presentados. Si la cantidad total de reclamos presentados es mayor que la prevista, la Corte puede decidir reducir las asignaciones individuales o el importe aprobado para honorarios y costos de abogados. En cualquier caso, la Corte mantiene la autoridad definitiva para decidir cómo se asignarán los $170,000.00.

## 5. Pago a los Representantes de la Clase

El Acuerdo propone que los Abogados de la Clase soliciten la Homologación por parte de la Corte del pago de los Aumentos en los Pagos a los Demandantes Principales y los Demandantes Participantes que asumieron un rol principal en este litigio y realizaron trabajos en nombre de la Clase, incluso brindar declaraciones juradas, por un total de $7,500.00.

## 6. Procedimientos

Antes del 29 de diciembre del 2017, debe completar y enviar en forma oportuna el Formulario de Demanda y Exoneración adjunto, según las instrucciones provistas en el formulario, que incluye un <u>Formulario W-9 totalmente completado y firmado, con un número de Seguro Social ("SSN") o número de identificación tributaria ("TIN") auténtico</u>. Esta es la única forma de asegurarse de que recibirá los fondos del acuerdo.

Puede participar en este acuerdo incluso si es un extranjero indocumentado que trabajó en cualquier momento entre el 4 de septiembre del 2007 y el día de hoy. Se le pedirá que complete un Formulario W-9 del IRS para recibir el cheque del acuerdo. Deberá proporcionar un número de Seguro Social (SSN) o un número de identificación tributaria (TIN) adecuado para obtener su pago del acuerdo. Un número de identificación tributaria es un número de procesamiento fiscal que solo está disponible para ciertos extranjeros no residentes y residentes, sus cónyuges y sus dependientes, que no pueden obtener un número de Seguro Social (SSN). Para obtener un TIN, debe completar un Formulario W-7 del IRS, que es una solicitud de número de identificación tributaria individual del IRS. Comuníquese con los Abogados de la Clase (pregunta 15 que se encuentra más adelante) si necesita ayuda para obtener o completar estos formularios.

El Formulario de Demanda y Exoneración debe ser enviado por correo postal, fax o correo electrónico al Administrador de la Demanda del Acuerdo antes del 29 de diciembre del 2017 o en dicha fecha (la "Fecha Límite"). Si envía por correo el Formulario de Demanda y Exoneración, debe contar con sello postal de la Fecha Límite del 29 de diciembre del 2017 o una fecha anterior. Si no completa de manera adecuada y presenta en forma oportuna el Formulario de Demanda y Exoneración, no será elegible para recibir una asignación monetaria.

Asunto: Litigio de Louie's Seafood
c/o Simpluris, Inc
P.O. Box 26170
Santa Ana, CA 92799
Teléfono: (888) 369-6080
Fax: (714) 824-8591
Correo electrónico: SeafoodLitigation@simpluris.com

Debe tener en cuenta que si no se excluye y no completa y envía en forma adecuada y oportuna el Formulario de Demanda y Exoneración para la Fecha Límite, como máximo, de conformidad con las instrucciones dispuestas en el formulario, no recibirá una asignación del fondo del acuerdo, pero estará obligado por la Exoneración de todos los reclamos, tal como se describe en respuesta a la pregunta número 8 que se encuentra más adelante.

Si la Corte otorga la homologación definitiva del Acuerdo, esta acción será desestimada sin derecho a iniciar una nueva acción, y los Miembros de la Clase que no se excluyan exonerarán completamente al Demandado y a las personas físicas o entidades asociadas con el Demandado contra todo reclamo por salarios y horas de trabajo en virtud de las leyes del estado de Nueva York, incluidos aquellos reclamos que se formularon en la Demanda. Además, la Orden de la Corte tendrá como resultado la prohibición de sus reclamos en virtud de la Ley de Estándares Justos de Trabajo sobre la base de la doctrina de *res judicata*. Esto significa que no podrá demandar, continuar demandando o ser parte de otra demanda contra el Demandado con respecto a las violaciones de salarios y horas extra alegadas en virtud de la legislación federal o del estado de Nueva York, incluidos reclamos presentados en este caso. También significa que todas las órdenes de la Corte se aplicarán a usted y serán vinculantes para usted.

## 7. ¿Cómo me excluyo del acuerdo?

Si no desea participar en este acuerdo propuesto, pero desea mantener el derecho a demandar o continuar demandando al Demandado, a su exclusivo cargo, por las cuestiones legales presentadas o que podrían haberse presentado en este caso, entonces debe tomar medidas para excluirse de este caso.

Si desea excluirse, debe enviar por correo una declaración por escrito firmada al Administrador de la Demanda del Acuerdo en la que indique "Me excluyo del juicio de Louie's" e incluya su nombre, dirección y números de teléfono ("Declaración de Exclusión"). Para que sea efectiva, la Declaración de Exclusión debe ser enviada por correo postal, fax o correo electrónico al Administrador de la Demanda del Acuerdo antes del 29 de diciembre del 2017 o en dicha fecha (Fecha Límite). Si envía por correo el Formulario de Demanda y Exoneración, debe contar con sello postal de la Fecha Límite del 29 de diciembre del 2017 o una fecha anterior, y dirigirse a:

Asunto: Litigio de Louie's Seafood

c/o Simpluris, Inc
P.O. Box 26170
Santa Ana, CA 92799
Teléfono: (888) 369-6080
Fax: (714) 824-8591
Correo electrónico: SeafoodLitigation@simpluris.com

Si se excluyo del Juicio y del Acuerdo, NO podrá oponerse al acuerdo como se describe en el párrafo 12 más abajo.

## 8. Si no me excluyo del acuerdo, ¿puedo demandar al Demandado por lo mismo más adelante?

A menos que se excluya, usted renuncia a su derecho a demandar al Demandado y a personas físicas o entidades asociadas con el Demandado por reclamos en virtud de la Ley Federal de Estándares Justos de Trabajo y la legislación del estado de Nueva York presentados o que podrían haberse presentado en este caso o en el futuro en el caso de que haya un cambio en la legislación existente. Si tiene un juicio pendiente, hable con su abogado en ese caso inmediatamente para ver si este acuerdo afectará su otro caso. Recuerde que la fecha límite para la exclusión es el 29 de diciembre de 2017.

## 9. Si me excluyo, ¿puedo obtener dinero de este acuerdo?

No. Si se excluye, no recibirá ninguna suma de dinero de este juicio. Sin embargo, podrá presentar una demanda, seguir demandando, o ser parte de un juicio diferente en contra de los Demandados con respecto a estos mismos reclamos.

## 10. ¿Tengo un abogado en este caso?

Los estudios jurídicos Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, www.vandallp.comand Leeds Brown Law, P.C., 1 Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550, www.leedsbrownlaw.com, han sido designados como abogados para representarlo a usted y a los demás Miembros de la Clase. Estos abogados se denominan "Abogados de la Clase". No se le cobrará por separado por estos abogados. Sus honorarios se pagarán del fondo total del acuerdo. Si desea que lo represente su propio abogado, puede contratar a uno a su exclusivo costo y cargo.

## 11. ¿Cómo se les pagará a los abogados?

Los Abogados de la Clase le solicitarás a la Corte que apruebe el pago de hasta $100,000 del Fondo del Acuerdo establecido por el Demandado en concepto de honorarios de abogados, costos y gastos. Los honorarios constituirían el pago a los Abogados de la Clase por todo el trabajo que han realizado en esta acción, incluida la presentación de escritos, participación en la recabación de pruebas previa a la etapa oral, presentación de mociones, investigación legislativa, investigación de los hechos, asistencia a conferencias en la corte, participación en mediaciones privadas y negociación y supervisión del acuerdo. En la medida en que el total agregado a pagar a los Demandantes Principales, Demandantes de la Clase, Abogados de la Clase o cualquier otra persona en este Acuerdo exceda los $170,000.00, las partes se reunirán y deliberarán para tomar una determinación. El monto de honorarios profesionales y costos podrá ser reducido por la Corte según la cantidad de reclamos presentados. La Corte podrá decidir reducir las asignaciones individuales o el monto aprobado en concepto de honorarios de abogados y costos si la cantidad total de reclamos presentados es mayor a la anticipada. En cualquier caso, la Corte mantiene la autoridad definitiva para decidir cómo se asignarán los $170,000.00.

## 12. ¿Cómo le digo a la Corte que no me gusta el acuerdo?

Puede oponerse al acuerdo si no le gusta una parte de él. Puede brindar los motivos por los cuales usted piensa que la Corte no debería homologarlo. La Corte tendrá en cuenta su punto de vista. Si la Corte rechaza su oposición, usted seguirá estando sujeto a los términos del acuerdo por los reclamos en virtud de las leyes federales y estatales de Nueva York, a menos que haya presentado una solicitud de exclusión válida y oportuna. Para oponerse, debe

enviar una carta en la que indique que usted se opone al acuerdo del caso *Louie's Class Action (Acción de Clase de Louie's)*. Su declaración debe incluir todos los motivos para la oposición y cualquier documentación respaldatoria en su posesión. Su declaración también debe incluir su nombre, domicilio, dirección de correo electrónico y números de teléfono.

Si desea presentar su oposición en la Audiencia de Homologación Definitiva que se describe debajo, deberá indicar su intención de hacerlo en su oposición escrita. Su declaración debe ser lo más detallada posible, de lo contrario la Corte podrá no permitirle presentar en la Audiencia de Homologación motivos de su oposición que no describió en su oposición escrita. Envíe por correo la oposición al Administrador de la Demanda del Acuerdo mediante correo postal certificado de los Estados Unidos, con franqueo prepago, a la dirección que se indica debajo. Su oposición no se tendrá en cuenta a menos que se reciba antes de la Fecha Límite o se envíe por correo al Administrador de la Demanda del Acuerdo mediante correo postal certificado de los Estados Unidos y con sello postal de la Fecha Límite del 29 de diciembre del 2017 o una fecha anterior.

Asunto: Litigio de Louie's Seafood<br>
c/o Simpluris, Inc<br>
P.O. Box 26170<br>
Santa Ana, CA 92799<br>
Teléfono: (888) 369-6080

El Administrador de la Demanda del Acuerdo compartirá su oposición con los Abogados de la Clase y el abogado del Demandado y presentará su declaración de oposición ante la Corte.

No podrá oponerse al acuerdo si presenta una carta en la que solicita su exclusión del acuerdo del juicio.

## 13. ¿Cuál es la diferencia entre oponerse y excluirse?

Oponerse es simplemente decirle a la Corte que a usted no le gusta algo del acuerdo. Usted puede oponerse solo si permanece en la Clase. Excluirse del acuerdo (no participar) es decirle a la Corte que no desea formar parte de la Clase. Si se excluye, no tendrá motivo para oponerse, porque el caso ya no lo afectará.

La Corte celebrará una Audiencia de Homologación para decidir si homologará el acuerdo. Los Abogados de la Clase responderán a cualquier pregunta que pueda tener el Juez. No es necesario que asista a la audiencia, pero puede hacerlo a su propio costo.

Si envía una oposición, no es necesario que se presente ante la Corte para hablar sobre ella, pero puede hacerlo a su propio costo o pagarle a su propio abogado para asistir. Siempre y cuando haya enviado por correo su oposición en forma escrita y oportuna, la Corte la tendrá en consideración. Si asiste a la audiencia, es posible que no tenga permitido hablar a menos que presente a tiempo una oposición por escrito como se describe arriba y notifique a la Corte sobre su intención de comparecer en la Audiencia de Homologación.

## 14. ¿Cuándo y dónde decidirá la Corte si homologa el acuerdo?

La Corte celebrará una Audiencia de Homologación a las 5:15 p.m. el 12 de febrero del 2018, en la Corte Federal de Primera Instancia para el Distrito Este de Nueva York, ubicada en 100 Federal Plaza, Central Islip, Nueva York 11722. En esta audiencia, la Corte determinará si los términos del acuerdo son justos, razonables y adecuados. Si hubiese oposiciones, la Corte las considerará. La Corte escuchará a aquellos que hayan pedido hablar en la audiencia. La Corte también podrá decidir cuánto se les pagará a los Abogados de la Clase. Después de la audiencia, la Corte decidirá si homologa o no el Acuerdo. No sabemos cuánto demorará tomar estas decisiones.

## 15. ¿Hay más información sobre el acuerdo?

La presente notificación constituye un resumen del acuerdo propuesto. Encontrará más detalles en el Acuerdo. Puede revisar el Acuerdo escribiendo o llamando al 888-499-6471 y pidiendo hablar con alguien con respecto al Juicio de Louie's Seafood. También puede visitar los sitios www.leedsbrownlaw.com o www.vandallp.com.

## LOUIE'S SEAFOOD CLASS ACTION
## CLAIM FORM AND RELEASE INSTRUCTIONS

### DIRECTIONS

In order to receive any portion of the settlement funds described in the Notice of Proposed Class Action Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Settlement Claims Administrator by mail, fax or e-mail on or before **December 29, 2017,** the Bar Date.

Send the Claim Form and Release to one of the following:
Re: Louie's Seafood Litigation
c/o Simpluris, Inc
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 369-6080
Fax: (714) 824-8591
Email: SeafoodLitigation@simpluris.com

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator.  Please make sure to notify the Settlement Claims Administrator of any change of address.

Re: Louie's Seafood Litigation
c/o Simpluris, Inc
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 369-6080
Fax: (714) 824-8591
Email: SeafoodLitigation@simpluris.com

### CLAIM FORM AND RELEASE

*THIS FORM MUST BE FAXED, EMAILED OR POST-MARKED OR NO LATER THAN DECEMBER 29, 2017.*

| [To be pre-inserted by Claims Administrator:] | [To be provided by you:] |
|---|---|
| «Barcode»   «BarcodeString»<br>SIMID  «SIMID»<br>    «FirstName» «LastName»<br>    «Address1» «Address2»<br>    «City» «State»  «Zip»<br><br>Total Weeks Worked:<br>«MERGED_Total_WW» | Name/Address Changes:<br>_____<br>_____<br>_____<br><br>Email: _____<br><br><br>Telephone: _____ |

I would like to participate in the proposed settlement of this action. I affirm that I performed work at Louie's Seafood Restaurant during the period Sept. 4, 2007 through September 30, 2017, as a FOH worker, including waiters, servers, bartenders, bussers, runners, and other positions that customarily receive tips or a BOH worker, including chefs, cooks, dishwashers, and other positions that customarily

do not receive tips and hereby assert a claim under New York Labor Law and/or the Fair Labor Standards Act.

I hereby designate the law firms of Virginia & Ambinder, LLP and Leeds Brown Law, P.C. to represent me in this action.

My signature below constitutes a full and complete release and discharge of Louie's Seafood Restaurant, LLC; Donovan's of Bayside LLC, Martin Picone, Michael Guinnane along with any other related corporate entities as well as present and former owners, stockholders, members, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them, and any person or entity related to any of the foregoing that could be deemed an "employer" and/or otherwise responsible under the protections provided to employees under all applicable Federal and New York State laws and regulations (collectively "Released Parties") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues that arise out of, relate to, or concern the allegations in the Action during the period of September 4, 2007 through September 30, 2017, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been or might have been asserted in any court, tribunal or proceeding, against Released Parties, including but not limited to, statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, improper notice, spread of hours, unpaid gratuities, service charges, prevailing wage, living wage, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief.

This release includes any such claims under New York State Labor Law and any other State or local law, including all wage and hour claims that were or could have been asserted in the FLSA Action or the NYLL Action under New York State Labor Law, whether by statute, regulation or case law by or on behalf of the Class Members, excluding Class Members who opt-out of the settlement. Released State Law Claims include, but are not limited to, all claims under New York State law, whether by statute, regulation or case law for unpaid overtime wages, unpaid minimum wage claims, unpaid gratuities claims, spread of hours, paystub violations, tip credit violations, and any other related state law wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims.

I agree to this release in exchange for my share of the Net Settlement Fund. I declare under penalty of perjury that the above information is correct.

_____                    _____
Date                                                                        Signature

«Barcode»
«BarcodeString»                                                                                    SIMID «SIMID»

**Form W-9**

Enter your Tax Payer Identification Number (TIN):  ☐ ☐ ☐ ▬ ☐ ☐ ▬ ☐ ☐ ☐ ☐

*Under penalty of perjury, I certify that:*

1.  The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); *and*

2.  I am not subject to backup withholding because:  (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; *and*

3.  I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

*Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.*

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

**I declare under penalty of perjury that the foregoing statements are true, and that this document was signed on _____, 2017, in _____(city), _____(state).**

**Print Name:** _____

**Signature** _____

«Barcode»
«BarcodeString»                                                                                    SIMID  «SIMID»

## ACCIÓN DE CLASE DE LOUIE'S SEAFOOD
## INSTRUCCIONES PARA EL FORMULARIO DE DEMANDA Y EXONERACIÓN

**INSTRUCCIONES**

Con el fin de recibir cualquier parte de los fondos del acuerdo que se describen en la Notificación de Acuerdo de Acción de Clase Propuesto ("Notificación"), debe firmar, fechar y devolver este Formulario de Demanda y Exoneración al Administrador de la Demanda del Acuerdo por correo postal, fax o correo electrónico antes del **29 de diciembre del 2017,** o en dicha fecha (la Fecha Límite).

Envíe el Formulario de Demanda y Exoneración a una de las siguientes direcciones:

Asunto: Litigio de Louie's Seafood

c/o Simpluris, Inc

P.O. Box 26170

Santa Ana, CA 92799

Teléfono: (888) 369-6080

Fax: (714) 824-8591

Correo electrónico: SeafoodLitigation@simpluris.com

**CAMBIOS DE DOMICILIO**

Es **su responsabilidad** que el domicilio que tenga registrado el Administrador de la Demanda del Acuerdo esté actualizado.  Por favor, notifique al Administrador de la Demanda del Acuerdo en caso de cambio de domicilio.

Asunto: Litigio de Louie's Seafood

c/o Simpluris, Inc

P.O. Box 26170

Santa Ana, CA 92799

Teléfono: (888) 369-6080

Fax: (714) 824-8591

Correo electrónico: SeafoodLitigation@simpluris.com

## FORMULARIO DE DEMANDA Y EXONERACIÓN

*ESTE FORMULARIO DEBE ENVIARSE POR FAX, POR CORREO ELECTRÓNICO O POR CORREO CON SELLO POSTAL ANTES DEL 29 DE DICIEMBRE DEL 2017 o en dicha fecha.*

| [A ser preinsertado por el Administrador de la Demanda:] | [A ser indicado por usted:] |
|---|---|
| «Barcode» «BarcodeString» SIMID «SIMID» «FirstName» «LastName» «Address1» «Address2» «City» «State» «Zip» | Cambios de nombre/dirección: _____ _____ _____ |
| Cantidad total de semanas trabajadas: «MERGED_Total_WW» | Correo electrónico:_____ Teléfono: _____ |

Me gustaría participar en el acuerdo propuesto de esta acción. Afirmo que trabajé en Louie's Seafood Restaurant durante el período del 4 de septiembre del 2007 al 30 de septiembre del 2017, como trabajador FOH, lo que incluye camareros, meseros, cantineros, ayudantes de camarero, mensajeros y otros puestos que habitualmente reciben propinas o un trabajador BOH, lo que incluye chefs, cocineros,

lavaplatos y otros puestos que habitualmente no reciben propinas, y por el presente presento un reclamo en virtud de la legislación laboral de Nueva York o la Ley de Estándares Justos de Trabajo.

Por el presente designo a los estudios jurídicos Virginia & Ambinder, LLP y Leeds Brown Law, P.C. para que me representen en esta acción.

Mi firma debajo constituye una exoneración total y completa de Louie's Seafood Restaurant, LLC, Donovan's of Bayside LLC, Martin Picone, Michael Guinnane junto con cualquier otra entidad corporativa relacionada así como también los propietarios, accionistas, miembros, predecesores, sucesores, cesionarios, agentes, directores, funcionarios, empleados, representantes, aseguradores, abogados, compañías controlantes, subsidiarias, afiliadas, planes de beneficios, fiduciarios de planes y todas las personas que actúan por ellos, a través de ellos, conforme a ellos o en concierto con ellos, tanto pasados como presentes, y cualquier persona o entidad relacionada con cualquiera de los anteriores que podría ser considerada un "empleador" o responsable de otra forma en virtud de las protecciones proporcionadas a empleados conforme a todas las leyes y reglamentaciones federales y del estado de Nueva York aplicables (en conjunto, las "Partes Exoneradas") de parte de mí y de mis respectivos herederos, beneficiarios, legatarios de bienes muebles e inmuebles, albaceas, administradores, fideicomisarios, curadores, tutores, representantes personales, sucesores en interés y cesionarios, contra todos los reclamos, demandas, derechos, acciones, causas de acción, responsabilidades, daños, pérdidas, obligaciones, sentencias, deberes, juicios, costos, gastos, asuntos y disputas que surjan de las alegaciones en la Acción, o se relacionen con ellas, durante el período del 4 de septiembre del 2007 al 30 de septiembre del 2017, ya sea conocidos o desconocidos, contingentes o absolutos, sospechados o no, divulgados o no, liquidados o no, exigibles o no, acumulados o no, evidentes o no, incluidos reclamos desconocidos, que podrían haberse formulado ante cualquier corte, tribunal o procedimiento, contra las Partes Exoneradas, lo que incluye, a modo enunciativo, reclamos basados en leyes, constituciones, contratos o sistema de *Common Law* por salarios regulares u horas extra impagos, notificación inadecuada, hora extra de paga por exceso de 10 horas en un día de trabajo, gratificaciones impagas, cargos por servicio, salario predominante, salario vita, propinas, reclamos relacionados por salarios y horas de trabajo, intereses sobre dichos reclamos, sanciones, daños, daños para el cobro de una suma cierta, honorarios de abogados, gastos, desembolsos, honorarios y costos de litigación, restitución o reparación disponible en el sistema del *Equity*.

Esta exoneración incluye reclamos en virtud de la legislación laboral del estado de Nueva York y cualquier otra legislación estatal o local, lo que incluye todos los reclamos por salarios y horas de trabajo que se formularon o podrían haberse formulado en la Acción en virtud de la FLSA o la Acción en virtud de la NYLL conforme a la legislación laboral del estado de Nueva York, ya sea por ley, reglamentación o jurisprudencia por o en nombre de los Miembros de la Clase, excepto por los Miembros de la Clase que se excluyan del acuerdo. Los Reclamos Exonerados conforme a la Legislación Estatal incluyen, a modo enunciativo, todos los reclamos en virtud de la legislación del estado de Nueva York, ya sea por ley, reglamentación o jurisprudencia, por horas extra impagas, salario mínimo impago, gratificaciones impagas, hora extra de paga por exceso de 10 horas en un día de trabajo, violaciones de recibos de pago, violaciones de crédito de propinas y cualquier otro reclamo relacionado por salarios y horas de trabajo en virtud de la legislación estatal, intereses sobre dichos reclamos, honorarios de abogados, gastos y costos relacionados con dichos reclamos.

Acepto esta exoneración a cambio de mi parte del Fondo Neto del Acuerdo. Declaro bajo pena de falso testimonio que la información precedente es correcta.

_____          _____
Fecha                                                          Firma

«Barcode»
«BarcodeString»                                                                          SIMID «SIMID»

**Formulario W-9**

Ingrese su número de identificación tributaria (TIN): ☐ ☐ ☐ – – ☐ ☐ – – ☐ ☐ ☐ ☐

*Bajo pena de falso testimonio, certifico que:*

1. El número que se muestra en este formulario es mi número de identificación tributaria correcto (o estoy esperando que se me emita un número); *y*

2. No estoy sujeto a una retención adicional, porque: (a) estoy exento de las retenciones adicionales, o (b) no he sido notificado por el Servicio de Impuestos Internos (IRS) de que me corresponde una retención adicional como resultado de no declarar todos los derechos o dividendos, o (c) el IRS me ha notificado de que ya no me corresponde una retención adicional; *y*

3. Soy ciudadano de los EE. UU. u otra persona de los EE. UU. (lo que incluye un residente extranjero de los EE. UU.).

*Nota: Si ha sido notificado por el IRS de que le corresponde una retención adicional, debe tachar el ítem 2 que se encuentra arriba.*

**El IRS no requiere su consentimiento sobre las disposiciones de este documento, con excepción de la certificación del Formulario W-9 para evitar la retención adicional.**

**Declaro bajo pena de falso testimonio que las declaraciones precedentes son verdaderas y que este documento fue firmado el _____ del 2017, en _____(ciudad), _____(estado).**

Nombre en letra de imprenta: _____

Firma _____

«Barcode»
«BarcodeString»                                                                                          SIMID «SIMID»